Watts *vs.* Kilburn.

[1.] In an application for a new trial, the omission to file a brief of the testimony in the case, cannot be taken advantage of in this Court, unless it was made an objection to the hearing of the motion, in the Court below.

[2.] Only so much of the record of the proceedings in the Court below, need be filed in this Court, as is *necessary* to a proper hearing and determination of the cause.

Defendant in error joined issue, with a protestation in this case, and moved to dismiss the writ of error.

.Watts *vs.* Kilburn.

One of the errors assigned, was the refusal of the Court below to grant a new trial; another was the admission of a bill of sale in evidence, by proving the hand writing of the party making it. To the bill of exceptions was attached, what purported to be a brief of the evidence, which was referred to by the bill of exceptions, but was not certified by the Judge: It did not contain a copy of the bill of sale. The motion to dismiss, was,

1st. No brief of the testimony was submitted, with the rule *nisi*, for new trial in the Court below, as required by law and the rules of Court.

2d. Because no such brief of the testimony is embodied in the bill of exceptions, as required by the rule of this Court.

3d. Because all of the testimony is not attached, necessary to a decision of the cause by this Court.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] The rule of the Superior Courts, requiring a brief of the testimony in the cause, to be filed by the party applying for a new trial, under the revision and approval of the Court, was made to protect the rights of the parties to such rule. But no objection was taken in the Court below, to the application for a new trial, for want of compliance with this rule. We are bound to presume, therefore, either that the rule was complied with, or else, that its provisions were waived by the defendant in error. He now objects, however, that no such brief comes up with the bill of exceptions; none such is required, in order to a hearing of the cause before this Court. We require, it is true, that a brief of the oral and a copy of the written evidence, adduced in the Court below, shall be embodied in the bill of exceptions; and that has been done.

In the case of *Grady vs. Hightower*, (1 *Kelly*, 252,) the objection was taken to the hearing of the motion for a new trial, because there was no brief of the testimony filed when the application was made; and the exception being overruled by the Court, it brought up the question directly for review. But here, no such point was made on the motion for a new trial in the Court below; of course, it cannot be raised here now.

[2.] We will dispose of the other two grounds together, viz: that all the testimony is not attached, necessary to a proper decision of the cause by this Court; and especially, that no copy of

the bill of sale, from Turrentine to Watts, accompanies the record.

This Court will hear no cause, until a complete record shall be filed, containing within itself, without references, *aliunde*, all the papers, exhibits, depositions, and other proceedings, which are necessary to a proper determination in this Court. We do not perceive that any material matter or thing is wanting. The time and place of the execution of the bill of sale, together with the consideration, are testified to. It is not indispensable, therefore, that the original, or a copy, should be before us.

Let the cause be argued on the merits.