(Atlanta,
Practice in Supreme Court — Brief of Evidence — -Approval by Court.* — The brief of evidence, when brought up as a part of the record, though the bill of exceptions, certified to by the Judge, contains the assertion that it was agreed upon by counsel, must nevertheless, show that it was approved by the Court. (R.)
. Practice in the Supreme Court. Brief of evidence. Before the Supreme Court of Georgia. January Term, 1873.
When this case was called, counsel for defendants moved to dismiss the writ of error, on the ground that neither the bill *of exceptions nor the record showed that the evidence had been approved by the Court.
The bill of exceptions recited, that “the case of Pitts, Cook & Company against Robert J. Massey, trustee for wife and children, being an action of assumpsit, came on to be heard before the Honorable John'R. Hopkins, one of the Judges of the Superior Court of said State, presiding in said Court, and a jury impanneled to try said case. The plaintiff introduced certain evidence which was agreed upon and filed according to law, on the motion for a new trial, and by law, made a part of the record *96 in the case, to which leave of reference is hereby prayed as often as may be necessary in the consideration of said cause.” The certificate to the bill of exceptions was in the usual form. The brief of evidence, as contained in the record, had no agreement thereon, or approval by the Court.
The motion was sustained and the case dismissed.
Practice in Supreme Court — Brief of Evidence — Approval by Court. — For'the ruling that “before this court can consider a document as a brief of evidence, it must appear affimatively from the .record or the bill of exceptions that the document has been approved as a brief of the evidence introduced on the trial of the case,” the principal case is cited in Cawthon v. State, 119 Ga. 407, 46 S. E. Rep. 897. See also, Stephens v. Woolbright, 60 Ga. 334; Spencer v. Georgia Railroad, etc., Co., 55 Ga. 584; Ency. Dig. Ga. Rep., vol. 3, p. 589.