Spencer *et al. vs.* The Georgia Railroad and Banking Company.

JOSEPH J. SPENCER *et al.,* plaintiffs in error, *vs.* THE GEORGIA RAILROAD AND· BANKING COMPANY, defendant in error.

When the bill of exceptions does not embody the brief of the evidence, but refers to it as in the record, it must appear, either from the bill of exceptions or the transcript of the record, that the brief of evidence was approved by the court.

New trial. Practice in the Supreme Court. January Term, 1876.

Reported in the opinion.

J. J. FLOYD; J. V. WOODSON, for plaintiffs in error.

CLARK & PACE, for defendant.

JACKSON, Judge.

The defendant in error moved to dismiss the bill of exceptions on the ground that the evidence was not embodied in it, and though it referred to the evidence as embodied in the record, it nowhere appeared, either in the bill of exceptions or in the transcript of the record, that the brief of the evidence was approved by the court. The act of 1870, (see Code, section 4253,) enacts that the brief of the evidence, filed and *approved* according to law, is made part of the record, and if referred to in the bill of exceptions, need not be actually set out in the bill of exceptions, which before that act had to be done. It will be seen that the act requires the brief to be *approved* as well as filed. The filing is a mere act of the clerk, the approval is the act of the court. Certainly the court is entitled to say what evidence was before it when it ruled in the case. In this case the court has not been heard, so far as the bill of exceptions or record discloses to us, and under the authority of *Massey vs. Pitts, Cook & Company,* 48 *Georgia Reports,* 124, as well as the letter of the act of 1870, and its spirit and sense, we feel constrained, reluctantly always, to dismiss the bill of exceptions. While we have not

examined the grounds of error with as much particularity and care as we should have done if the motion to dismiss had not controlled the case, yet, from a cursory view of the questions made, we would be inclined to affirm the judgment on the merits, and therefore apply the well settled rule of the court to dismiss such a bill of exceptions with less reluctance.

Bill of exceptions dismissed.