LINDSEY vs. HARDEMAN, guardian.

Where the record contains, by way of brief of evidence, a statement of facts agreed upon by counsel, and the judge's order recites that the case was submitted to him without the intervention of a jury upon an agreed statement of facts, but there is nothing in the order or elsewhere to identify the one in the record as that alluded to, the writ of error will be dismissed.

Practice in the Supreme Court.    January Term, 1878.

The bill of exceptions recited that this case was submitted to the court, without a jury, upon an agreed statement of facts, which "is hereto attached as a part of the record of case and made a part of this bill of exceptions." The certificate of the judge to the bill of exceptions stated that "when the agreed facts in writing are attached," it would contain all the evidence material. There was no attached statement. In the record was an agreed statement of facts, signed by counsel for plaintiff in *fi. fa.* and by claimant;

and the judgment of the court recited that counsel had submitted the case " on an agreed statement of facts," but there was nothing to identify the one in the record as that alluded to.

W. A. LOFTON; J. W. LINDSEY, for plaintiff in error.

I. HARDEMAN; F. CHAMBERS, for defendant.

WARNER, Chief Justice.

When this case was called on the docket for a hearing, the defendant in error made a motion to dismiss it on the ground that the brief of the evidence, as the same appeared in the record, had not been approved by the court.

The case was brought here on a bill of exceptions to the rulings of the court on what purports to be an agreed statement of facts contained in the record, which agreed statement of facts does not appear to have been approved by the court; consequently, we cannot say whether the rulings of the court, to which the plaintiff in error excepts, were based upon that statement of facts or not. It is not sufficient for counsel to agree upon the statement of facts, but that agreement must receive the approval of the court; otherwise the court might be placed in a false position as to its judgment upon the facts by the agreement of counsel, and which it would not be willing to approve or sanction.

Let the writ of error be dismissed.