STEPHENS, executor, *vs.* WOOLBRIGHT.

[This case was argued at the last term and the decision reserved.]

1. In order for the brief of evidence to come up as a part of the record, under section 4253 of the Code, it must be approved by the court in express terms, and such approval must be evidenced by an entry signed by the judge, or by a direct affirmation in the bill of exceptions. While a presumptive or implied approval will serve for the court below to act upon, and also for this court to act upon where the evidence is embraced in the bill of exceptions, an express approval is requisite to render the brief a part of the record, and to identify and authenticate it as such in the transcript.

2. It is not apparent that the presiding judge abused his discretion in refusing to grant a new trial.

Practice in the Supreme Court. New trial. Before Judge KIDDOO. Terrell Superior Court. November Term, 1875.

Sufficiently reported in the opinion.

C. B. WOOTEN; VASON & DAVIS; A. HOOD; PARKS & PARKS, for plaintiff in error.

No appearance for defendant.

BLECKLEY, Judge.

The writ of error was brought in 1875.  The .error assigned is the refusal of the court to grant a new trial.  The bill of exceptions contains this language :  " The evidence of both parties, a brief of which is of file in the clerk's office of said court, made on the motion for a new trial, and which is made a part of this bill of exceptions."  No evidence is set out in the bill of exceptions, and no brief is annexed thereto.  In the transcript of the record is what purports to be a brief of the evidence.  Annexed to it is an agreement signed by the counsel of both parties, declaring the brief correct.  Upon the brief is an entry in these terms :  " Approved, and ordered to be filed, December 3d, 1875," with an entry of filing signed by the clerk.  The entry of approval is not signed by the judge, and the omission to sign is not accounted for ; nor does it appear that the approval is matter of record upon the minutes or elsewhere.  The bill of exceptions contains no affirmation that the brief was approved.  On this state of facts, is the brief duly authenticated?  Is it before this court in a way to entitle the plaintiff in error to have it considered?  The answer depends upon what ·is requisite to raise the brief from a mere document of file, to the rank of a record.  Prior to the act of 1870, (Code, §4253) a brief of evidence, though approved expressly and filed, did not become a part of the record, 9 *Ga.*, 546 ; 10 *Ib.*, 5.  It could not come up in the transcript, but had to come in the bill of exceptions, or as an exhibit to the same.  It may still do so, even without express approval.  What was then the sole and exclusive method of bringing up the evidence has not been abolished, but another as good, and rather more convenient, has been super-added, so that now there is a choice between two methods, instead of the former restriction to one.  The section of the Code just cited is as follows :  " The brief of evidence on motion for new trial, filed and approved according to law, is hereby declared to be a part of the re-

cord of the case to which it applies, and need not, except by reference thereto, be embodied in the bill of exceptions." We think the approval here referred to is not an implied or presumptive one, but one that is direct and express, one that is verified by the signature of the judge to an entry of approval, or affirmed in the bill of exceptions. The approval by which something is made a record which was not such before, ought not to be left to inference, nor to the incomplete evidence of an unsigned entry—an entry prepared for signature, but for some unexplained reason not signed. Implied or presumptive approval will suffice, perhaps, for all purposes except to render the brief a part of the record, but to accomplish the latter purpose, approval, strict and proper, is necessary. That is what the statute means, for a loose, informal approval is not appropriate to the creation of a record. Let all be done—actually and formally done, that is needed to constitute the brief a part of the record, and then it can come up in the transcript; but, otherwise, it must come as it would have had to come before the statute was enacted. See the subject further discussed in *Spencer vs. Smith,* this term. See also 55 *Ga.,* 584; 48 *Ib.,* 124. We are of opinion that the brief has not been made a part of the record, and that a place for it in the transcript is not provided by law. The learned counsel for the plaintiff in error cited 7 *Ga.,* 354; 8 *Ib.,* 112; 13 *Ib.,* 403; 20 *Ib.,* 767; 30 *Ib.,* 251; 41 *Ib.,* 577. These authorities are not directly in point. Indeed, most of them do not bear at all upon the method of identifying and authenticating the brief of evidence in the supreme court, which is the sole matter now in question.

2. If, however, the evidence as we find it was properly before us, we could not pronounce that the court below abused its discretion in refusing a new trial. We have considered with much care the various rulings complained of in the motion for new trial, and only one of them seems at all doubtful, and that did not effect the real merits of the case. It is not apparent that the losing party had any abso-

lute right to a new trial; though, if one had been granted, we do not know that we should have interfered had we been called on.

Judgment affirmed.