THE CITY OF ATLANTA vs. GLOVER et al.

To authorize the brief of evidence to be sent up as a part of the record under the certificate of the clerk, it must be expressly approved by the court. A recital in the bill of exceptions, that the brief of evidence is a part of the record, and that the testimony is correctly set forth in a certified copy thereof, which accompanies the bill of exceptions, is not sufficient, especially where it appears that the record was not certified by the clerk until seven days after the judge certified the bill of exceptions.

Practice in the Supreme Court.   August Term, 1878.

Reported in the decision.

W. T. Newman, city attorney, for plaintiff in error.

N. J. Hammond, for defendants.

Warner, Chief Justice.

This was a motion for a new trial in the court below, and when the case was called for a hearing here, a motion was made to dismiss the plaintiff's writ of error on the ground that it did not appear that the brief of the evidence in the case had been approved by the court according to law. There was a brief of the evidence agreed on by the counsel of the parties, but no approval thereof by the court. It was recited in the bill of exceptions, that "both plaintiff and defendant introduced evidence, which is correctly set forth in a brief of evidence filed with a motion for a new trial, and which is a part of the record in said case, and correctly set forth in a certified copy thereof, accompanying this bill of exceptions." There was no certified copy of the record annexed to or accompanying the bill of exceptions containing the brief of the evidence in the case, which could have been identified and approved by the judge as *the* brief of the evidence in the case at the time he signed and certified the bill of exceptions, on the 15th of July, 1878, for the reason that the record containing the brief of the evidence was not made out and certified by the clerk until the 22d of July, 1878, seven days after the bill of exceptions was signed, the recital in which it is claimed identified and approved the brief of evidence contained in that certified record.   In *Stephens, ex'r, vs. Woolbright,* 60 *Ga.,* 332, it was held that the brief of the evidence, when it comes up as a part of the record, must be approved by the court in express terms, and such approval must be evidenced by an entry signed by the judge, or by a direct affirmation in the bill of exceptions.   See also 55

*Ga.*, 584. In view of the facts of this case, and the previous rulings of this court, we feel constrained to dismiss the plaintiff's writ of error, but we do so with the less reluctance, because, from an inspection of the grounds of error assigned to the judgment of the court below, we discover nothing which would probably have taken the case out of the rulings of this court in *The Mayor and Council of the City of Macon vs. Whitehurst*, decided during the present term.

Let the writ of error be dismissed.