HARRISON & COMPANY *vs*. THE HALL SAFE AND LOCK COMPANY.

1. Where neither the judge who presided at the trial, nor the one who passed on the motion for a new trial, revised and approved the brief of evidence, and no legal reason is given for such failure, this court cannot hear the case except as to such assignments of error a do not depend upon the evidence for their decision.
2. The judges of the superior courts of this state may alternate and preside for each other, although neither one be disqualified to sit in the cases tried. When the superior court of Fulton county was regularly convened by Judge Hillyer, of the Atlanta circuit, who thereupon announced that Judge Tompkins, of the eastern circuit, would preside for him, and retired, Judge Tompkins was clothea

with full judicial authority to hold that court, whatever might be held as to the judicial tribunal set up by Judge Hillyer in another room in the same building.

Practice in the Supreme Court. New trial. Judge. Practice in the Superior Court. Before Judge HILLYER. Fulton Superior Court. October Term, 1878.

Reported in the opinion.

Z. D. HARRISON, for plaintiff in error.

D. F. & W. R. HAMMOND, for defendant.

CRAWFORD, Justice.

1. A motion was made by defendant's counsel to dismiss the writ of error in this case, because there was no approval of the brief of evidence by the judge.

Upon looking into the record we find that it was agreed to by the counsel, but it nowhere appears that the presiding judge who tried the case revised or approved it. "In every application for a new trial, a brief of the testimony in the cause shall be filed by the party applying for such new trial, under the revision and approval of the court." No. 49, Rules Superior Court. Code, §4253.

We are referred by counsel for plaintiff in error, to an agreement entered into by the counsel, and approved by the court, and which is in the following words: "It is agreed that the original papers recited in the foregoing motion, and mentioned in brief of evidence attached to said motion, may be used for all the purposes of this motion, and that copies thereof need not be included in said brief of evidence unless the case should be carried to the supreme court, in which event copies thereof shall be attached to said brief by the clerk.

"It is further agreed that the facts stated in said motion are true, subject to be modified or amended by such proof in reference thereto as may be offered on the trial of said motion."

Thereupon are entered by the judge, these words : " The foregoing agreement approved, and the facts stated in said motion for a new trial are certified to be true, subject to the condition stated in said agreement." It will be seen that the agreement of counsel referred to three distinct matters : 1st, that the *original papers* recited in the motion and mentioned in the brief of evidence attached, may be used for the purpose of the motion ; 2d, that copies need not be included unless the case should be carried to the supreme court ; and 3d, that the facts stated in the motion were true.

The entry of Judge Hillyer simply is—that the agreement is approved, and the facts stated in the motion are true, but nowhere does he say that he approves the brief of evidence.

Besides, it is shown in the record that Judge Hillyer did not preside on the trial, but that it was Judge Tompkins who presided, and there is no approval by him, and no reason shown why it was not done.

Where neither the judge who presided at the trial, nor the one who passed on the motion for a new trial, revised and approved the brief of evidence, and no legal reason is given for such failure, this court cannot hear the case except as to such assignments of error as do not depend upon the evidence for their decision. This court in the case of *Porter vs. The State*, 56 *Ga.*, 530, says that " the brief of evidence used on the motion for a new trial must have been approved by the presiding judge, notwithstanding the fact that it has been agreed upon by counsel, and this approval must affirmatively appear either in the bill of exceptions or in the record." See also 60 *Ga.*, 322 ; 55 *Ib.*, 584, and the authorities there cited.

2. There is but one ground, therefore, for our adjudication in this record, and that is whether Hon. H. B. Tompkins, who presided as judge on the trial of the case, was without legal authority to do so, unless the judge of the circuit was himself disqualified, and, also, because he at the same time was trying another case in another room of the court-house of said county.

It appears that on the 25th day of November 1878, the superior court for Fulton county was in regular session, and was duly opened on that day, with Hon. George Hillyer presiding, whereupon, after announcing that the Hon. H. B. Tompkins, judge of the eastern circuit, would preside for him during that day, and in his place and stead, he retired from the bench, and Judge Tompkins assumed its duties, and proceeded to the trial of this cause.

We are very clear that under the facts stated the superior court of Fulton county was in legal session under Judge Tompkins, whatever might be held as to the judicial tribunal set up by Judge Hillyer in some other part of the building. "The jurisdiction of the judges of the superior courts is co-extensive with the limits of this state, but they are not compelled to alternate, unless required by law." Code, §242. That the judges of this state may alternate and preside for each other, although neither one be disqualified to sit in the cases tried, we have no doubt.

To alternate where one only was disqualified to try cases in his court, has been uniformly done—and we hardly think that it will be claimed that the presiding judge of the other court would be without legal authority to hold it.

It is true that there are certain writs, such as *certiorari*, *mandamus*, *habeas corpus*, injunction and *quia timet*, as also certain specified powers which each judge must grant or exercise in his own circuit, and no non-resident judge is permitted to do so, except in the absence, sickness, or disqualification of the judge of the circuit.

In such a case, therefore, as is presented by this record, we are compelled to hold that the trial was legal, in so far as the authority of the judge was concerned, and that its judgment must be affirmed.