## JONES *vs*. THE STATE OF GEORGIA..

1. The conviction of one charged with a crime as principal in the second degree is contrary to law where there is no evidence of the guilt of the principal in the first degree.
2. When the judge of the superior court has approved the brief of evidence and signed the bill of exceptions, he has exhausted his powers in respect to the testimony. He cannot, by a certificate subsequently made, alter the brief of evidence as approved.

Criminal law.   Practice in the Superior Court.   Practice in the Supreme Court.   Before Judge CRISP.   Lee Superior Court.   March Term, 1879.

Reported in the decision.

FRED H. WEST; WARREN & FREEMAN, for plaintiff in error.

C. B. HUDSON, solicitor-general; D. H. POPE; HAWKINS & HAWKINS, for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of murder, and charged in the indictment as principal in the second degree, Jackson Sellers being charged in the same indictment as principal in the first degree.   The defendant, Jones, was tried separately, and was found guilty as principal in the second degree.   A motion was made for a new trial on several grounds, which was overruled, and the defendant excepted.

One of the grounds of the motion was that the verdict was contrary to law and contrary to the evidence.   Upon looking through the entire evidence in the record as approved by the court on the 26th of April, 1879, it does not appear therefrom that there was any evidence of the guilt of the principal in the first degree, either by the introduction of the record of his conviction in evidence, or otherwise, upon the trial of the defendant as principal in the second degree, nor does it appear from the evidence in the record that the principal in the first degree was guilty of the offense as charged in the indictment.   The counsel for the state discovering that defect in the brief of the evidence as contained in the record here, sought to remedy it by obtaining from Judge Crisp a supplementary certificate, dated the 5th of January, 1880, in which the judge certifies that the bill of indictment against Sellers, the principal in the first degree,

with the verdict of guilty thereon, was in evidence before the jury on the the trial of the defendant, Jones, the principal in the second degree. When the judge signed and certified the bill of exceptions, and approved the brief of the evidence, he had exhausted the power conferred on him by law over the same, and could not, eight or nine months afterwards, when the case was pending in this court, supplement his original certificate in the manner sought to be done in this case. It not appearing from the bill of exceptions, nor from the brief of the evidence as originally signed, certified and approved by the presiding judge, and duly transmitted to this court, that there was any evidence before the jury proving the guilt of the principal in the first degree, the verdict against the principal in the second degree was contrary to law.

Let the judgment of the court below be reversed.