HICKS *vs.* BRANTLEY.

A case having been tried and a motion for a new trial made, the following order, signed by counsel for both parties, was passed by the court:

"A motion for new trial having been filed in the above stated case and approved by the court, and a brief of the evidence having been filed in said case, it is ordered that counsel for plaintiff and defendant be allowed thirty days to agree to said brief as the true evidence in said case; and should said counsel fail to agree to said evidence in the time allowed, the same shall be submitted to the court for approval before the first Wednesday in June next in the city of Macon. It is further ordered that movants have leave to amend their motion for new trial at the time for hearing the same by giving opposite counsel notice thereof and copy of amendment thirty days before said hearing of the same. It is further ordered that said case be set for a hearing on the first Wednesday in June next, in Macon, at the office of his honor, T. J. Simmons." On the hearing, a motion to dismiss the motion for new trial was made, on the ground that no brief of evidence had been submitted and filed, as required by the order, within the time fixed by it, and no opportunity had been given counsel to agree to said brief in the time prescribed. An affidavit was presented, to the effect that the brief had not been presented to adverse counsel for their agreement. This motion was sustained, and the motion for new trial was dismissed:

*Held*, that under the peculiar language of the order, this was error. It appeared that the brief of evidence had been filed when the order was taken, claimed by the movant to be the correct brief, and equally accessible to counsel for the respondent for the purpose of agreement or disagreement; there was no time prescribed for further submission and filing, nor was further opportunity for agreement required to be given, except that, if counsel failed to agree to the brief, it should be submitted for approval before the day set for the hearing, which was done. 48 *Ga.*, 124; 70 *Id.*, 729.

(*a.*) If it were sought by such order to substitute the agreement of counsel for the approval of the brief of evidence by the court, such an order would have been illegal. The duty of inspecting and approving the brief rested upon the judge, and he could not, by any order, by consent of counsel or otherwise, deprive himself of jurisdiction to approve the brief of evidence and confer that jurisdictional power upon counsel. He could pass an order requiring the brief to be presented for approval within a certain time, and if not so presented, decline to approve it, and dismiss the motion; but he could not pass an order substituting counsel's agreement to the brief for his own approval; nor was this done by the order which was passed. It provided that, upon a failure to agree, the brief should be presented to the judge before the day set for the hearing; or if counsel agreed, it was not necessary to present it before such day. It was, in fact, presented before the day set.

Judgment reversed.