## HARDIN *vs.* LOVELACE.*

1. A writ of error having been continued by the plaintiff for providential cause at the first term, and argued at the second before two justices, the third being disqualified to preside on account of relationship to one of the parties, and judgment having been withheld, and one of the justices who presided having died during the term before any judgment was rendered:

*Held*, on motion to dismiss the writ of error made at the third term, that the cause was still pending for the rendition of judgment, and that the surviving justice who heard it argued, and the successor of the deceased justice, constituted a court competent to decide it, either with the aid of fresh argument or upon the briefs of counsel already presented. Incumbents of the bench pass away, but the court never dies.

2. A further ground of the motion to dismiss being that the brief of evidence was not in the bill of exceptions, nor referred to therein, nor duly authenticated as a part of the record:

*Held*, that the motion came too late, as the cause was now pending for decision only, but that in finally deciding it, the court would dis-

*This case was argued at the last term, and the decision reserved. BLANDFORD, J., being disqualified, did not preside.

v 79-14

criminate between what was and what was not in the record as made up and authenticated when the decision was reserved.

3. For a brief of evidence to come to the Supreme Court as a part of the record, it has to be attended with evidence, either in the transcript or in the bill of exceptions, that it was filed and approved according to law.

4. The privilege of amending the bill of exceptions from the record in the case, provided for by section 4272(b) of the code, contemplates the record as contained in the transcript sent up and duly certified by the clerk. The bill of exceptions is not amendable by matter certified apart from the transcript and not sent up till after the term has expired at which the argument was heard. A good transcript will aid a defective bill, but where both are deficient, neither can aid the other. This case is distinguishable from *Kelly vs. McGehee,* 67 *Ga.* 364, and *Ruffin vs. Paris,* 75 *Ga.* 653.

5. There being no evidence here duly authenticated by which to test the accuracy of the judgment overruling the motion for a new trial, the judgment is affirmed.

June 14, 1887.

BLECKLEY, Chief Justice.

[This case arose under a bill in equity. There was a verdict for the complainant, and the defendant moved for a new trial, which was refused, and he excepted. The bill of exceptions and transcript of the record were filed in the office of the clerk of the Supreme Court on February 9, 1886, being returnable to the March term, 1886. On account of the sickness of one of counsel for plaintiff in error, the case was continued to the October term, 1886, when it was argued before Chief Justice Jackson and Justice Hall. Before any decision was rendered, the Chief Justice died. At the next term, the March term, 1887, a motion to dismiss the writ of error was made on the ground that the case was not disposed of at the second term, and because the bill of exceptions contained no reference to any brief of evidence.

The brief of evidence in the record shows no approval by the judge, nor is there any reference in the bill of exceptions to any brief of evidence. Several papers were filed in the office of the clerk of the Supreme Court as

amendments to the record, being certified by the clerk of the court below to have been omitted by him. One of these, filed April 6, 1886, contained what purported to be a copy of the approval of the brief of evidence by the presiding judge. Counsel for plaintiff in error moved to amend the bill of exceptions by adding a reference to the brief of evidence in the record; and the court ruled as set out above.]