## HILTON & FOSTER vs. McADAMS.

Where a motion for a new trial was dismissed in the court below for lack of proper approval of the brief of evidence, etc., and the bill of exceptions bringing that judgment to this court contains no brief of evidence nor any approval or other action upon the same, and nowhere mentions the record as a part of the bill of exceptions, this court cannot look to the certified transcript of the record to ascertain whether or not there was an approval of the brief of evidence.

March 22, 1889.

Practice.   Bill of exceptions.   Brief of evidence.

Reported in the decision.

IRA E. SMITH, by HARRISON & PEEPLES, for plaintiffs in error.

No appearance *contra.*

SIMMONS, Justice.

It appears from the record in this case that the trial between these parties occurred in April, 1886, and a verdict was rendered in favor of McAdams against Hilton & Foster.   On the same day the defendants moved for a new trial, and were given until June 12th following to make out and file a complete brief of testimony.   Several other orders were taken, extending the time for hearing the motion for a new trial.   At the November term, 1887, the motion came on to be heard before C. P. Goodyear, Esq., judge *pro hac vice.* Counsel for the respondent then moved to dismiss the

v 82-37.

motion for a new trial, (1) because there was no proper approval of the brief of evidence filed in such case, by the judge trying it; and (2) because a copy of the documentary evidence introduced was not embodied in the brief of evidence as the law requires, there being no agreement of record permitting the use of the original documentary evidence. The trial judge granted the motion, and the movants excepted.

It is impossible for us to say, from this record, whether the judgment of the court below was right or wrong. The bill of exceptions failed to embody therein the brief of evidence on the trial below, or any approval or action upon it whatever. It is true the record was sent up and certified by the clerk, but it is nowhere mentioned in the bill of exceptions as a part thereof. We therefore cannot look to the transcript sent up by the clerk, to ascertain whether there was an approval of the brief of evidence or not. As it is incumbent on the plaintiff in error to show error in the ruling of the court below, and this not having been done in the present case, the only thing we can do is to affirm the judgment.