### 209.   PAUL *et al.* v. SMITH.

1. An agreement of counsel to the correctness of a brief of the evidence can not be substituted for the approval of the court. A brief of the evidence can be authenticated only by the judge, and this court can not consider any brief of evidence that is not fully approved.
2. Where the determination of all the assignments of error depends upon an examination of the evidence, for their consideration and adjudication, and there is in the record no approved brief of evidence, an affirmance of the judgment of the lower court will result.
3. The plaintiff in error must show error, and to that end he must have the brief of evidence duly verified, so that the court below may pass

intelligently upon his case, and this court intelligently review it; and where this is not done, this court has no option but to affirm the judgment. *Tison* v. *Myrick*, 64 *Ga.* 443.

Trover, from city court of Dublin—Judge Burch. January 14, 1907.

Submitted February 27,—Decided April 25, 1907.

*Williams & Baldwin, E. L. Stephens,* for plaintiffs in error.

*W. C. Davis,* contra.

RUSSELL, J. In this case a motion is made to dismiss the writ of error, because the brief of evidence filed in the case has never been approved by the trial judge. We are extremely reluctant to dispose of any writ of error without consideration of the merits of the case; and in all cases of doubt, as well as in all cases where the error assigned can be determined either from the bill of exceptions itself or the bill of exceptions and the record taken together, motions to dismiss will be refused. In this case the motion to dismiss will not be granted; for, upon consideration thereof, the only effect of it is to specially direct our attention to the fact that there is no approved brief of evidence; and as the assignments of error all depend upon the consideration of the evidence, we are unable to consider the various assignments of error and adjudge whether or not they are well taken. It is urged, in the reply to the motion to dismiss, that the brief of evidence, as sent up, was agreed to by counsel for the defendant in error, and that, having been transmitted, this agreement makes it a part of the record. In some of the earlier decisions of the Supreme Court it was held that where the judge, in the body of the bill of exceptions, certified that a brief of the evidence adduced on the trial had been approved by the court and filed, and thereafter the brief of evidence was specified to be sent up as part of the record, such brief of evidence could be considered; and the language used in several opinions conveys an intimation that at one period in our judicial history the agreement of counsel may have been sufficient to dispense with the approval of the trial judge, so far as the brief of the evidence was concerned. We have been unable to find a case exactly identical as to facts with the case now before us. In *Lindsey* v. *Hardeman,* 60 *Ga.* 60, *Wimberly* v. *Adams,* Id. 595, *Fletcher* v. *Collier,* 61 *Ga.* 659, *Massey* v. *Pitts,* 48 *Ga.* 124, *Central R. Co.* v. *Opie,* 58 *Ga.* 346,

and *Chastain* v. *Smith,* 47 *Ga.* 473, it was held that it should appear that the brief of evidence was approved by the trial judge, *or agreed to* by the parties or their counsel.

These decisions would seem to lend color to the contention of the counsel for the plaintiff in error, that this writ of error should not be dismissed, that the evidence transmitted in the record should be considered as a brief of the evidence, and that the court should investigate and pass upon the several assignments of error; but in *Spencer* v. *Georgia R. Co.,* 55 *Ga.* 584, it was held that, the bill of exceptions not embodying the brief of the evidence, but referring to it as in the record, it must appear that it was approved by the court. In *Hicks* v. *Brantley,* 75 *Ga.* 884-5, it was held, as to an agreement of counsel to the brief, that the agreement could not be substituted for the court's approval; and while this is the same principle which we now rule in this case, still it may be said that the facts were different. In the *Hicks* case the court passed the following order: "A motion for new trial having been filed in the above stated case and approved by the court, and a brief of the evidence having been filed in said case, it is ordered that counsel for plaintiff and defendant be allowed thirty days to agree to said brief as the true evidence in said case; and should said counsel fail to agree to said evidence in the time allowed, the same shall be submitted to the court for approval before the first Wednesday in June next in the city of Macon. It is further ordered that movants have leave to amend their motion for new trial at the time for hearing the same by giving opposite counsel notice thereof and copy of amendment thirty days before said hearing of the same. It is further ordered that said case be set for a hearing on the first Wednesday in June next, in Macon, at the office of his honor, T. J. Simmons." Signed by counsel for both parties. At the hearing the motion for new trial was dismissed on the ground that no brief of evidence had been submitted and filed as required by the order. This was held to be error, because it appeared that a brief of evidence, claimed by the movant to be correct, had been filed, which was accessible to counsel for respondent for the purpose of agreement or disagreement. And it was held that no further opportunity was necessary to be given, except that if counsel failed to agree to the brief it should be submitted (as was done in this case) for approval before the day set for the hearing. It was

furtĥer held distinctly (and we think this affords authority for our ruling) that "if it were sought by such order to substitute the agreement of counsel for the approval of the brief of evidence by the court, such an order would have been illegal. The duty of inspecting and approving the brief rested upon the judge, and he could not, by consent of counsel or otherwise, deprive himself of jurisdiction to approve the brief of evidence, and confer that jurisdictional power upon counsel." In *Brantley* v. *Meyer,* 111 *Ga.* 696, the Supreme Court ruled that the jurisdiction of the trial judge is limited to the approval of the brief of evidence as it is finally made up, and that an approval made subject to additions is not a legal approval, unless, after the additions are made, the judge again approves either the brief of evidence as a whole, or the additions which have been made thereto. "A brief of evidence can be authenticated alone by the judge, and this court is not authorized to consider any brief of evidence not fully approved."

Without being able to find a case with facts identical with those presented by the present motion to dismiss, we think the statement of the modes of bringing up the evidence, made by Judge Bleckley in *Colquitt* v. *Solomon,* 61 *Ga.* 495, is exhaustive and controlling, and that by the very terms of that decision we are precluded from considering the brief of the evidence in this case. See also *Porter* v. *State,* 56 *Ga.* 530; *Harrison* v. *Hall Co.,* 64 *Ga.* 560, and citations; *Cawthon* v. *State,* 119 *Ga.* 395, and citations. The various assignments of error depend upon the evidence for their solution; and there being no brief of evidence from which we may determine the correctness of the positions assumed, the judgment of the court below must stand 　　　*Affirmed.*