PRYOR <em>et al.</em> v. PRYOR.

GILBERT, J. 1. "The brief of evidence can not be considered by this court. The trial judge was without authority to approve the brief of evidence after the bill of exceptions had been certified." Therefore the judgment of the court awarding the child to the mother must be affirmed. *Simpson* v. *Simpson,* 138 *Ga.* 204 (75 S. E. 98); *Boatright* v. *Boatright,* 150 *Ga.* 68 (102 S. E. 424). But the bill of exceptions will not be dismissed.

2. Aside from the contention that the evidence does not authorize the judgment, the bill of exceptions contains only one additional assignment of error, i. e., that the court erred in refusing to permit counsel for respondent to propound to the child (nine years old) the question "with whom it wished to reside." This ground is without merit. On this question the court is permitted to exercise a sound legal discretion; and in this instance no abuse is shown. *Lamar* v. *Harris,* 117 *Ga.* 993 (44 S. E. 866); *Hammond* v. *Murray,* 151 *Ga.* 817 (108 S. E. 203); *Woodland* v. *Woodland,* 153 *Ga.* 207 (111 S. E. 673); *Landrum* v. *Landrum,* 159 *Ga.* 324 (125 S. E. 832, 38 A. L. R. 217).

<em>Judgment affirmed. All the Justices concur.</em>
No. 5065. APRIL 16, 1926.

Habeas corpus. Before Judge Searcy. Spalding superior court. August 13, 1925.

A petition for habeas corpus was brought by a mother against the parents of her deceased husband, to have the custody of her child awarded to her. Upon the hearing the court awarded the custody of the child to the mother. The respondents sued out a bill of exceptions, which was certified August 31, 1925. The evidence is not embodied in the bill of exceptions, but it certifies as material to a proper decision of the case "the brief of evidence in said case." The approval of the court below upon the brief of the evidence is dated September 4, 1925, and it was filed in the office of the clerk of the superior court on the same date. Error is assigned upon the refusal of the court to permit counsel for respondents to propound to the child (nine years old) the ques-

---

Appeal and Error, 4 C. J. p. 413, n. 65.
Habeas Corpus, 29 C. J. p. 112, n. 40; p. 194, n. 48.
Parent and Child, 29 Cyc. p. 1597, n. 1.

tion "with whom it wished to reside;" and upon the judgment awarding the custody to the mother.

The defendant in error moved to dismiss the bill of exceptions, because this court could not consider the brief of evidence sent up in the record, for the reason that it was not approved until after the certification of the bill of exceptions.

*J. A. Darsey,* for plaintiffs in error.   *D. R. Cumming,* contra.