21206.  COBB v. DeLONG.

ARGUED APRIL 10, 1961—DECIDED MAY 9, 1961.

*J. Sidney Lanier*, for plaintiff in error.

*Preston L. Holland*, contra.

GRICE, Justice.  George A. DeLong filed suit against Mrs. Nellie L. Cobb in the Superior Court of Fulton County, Georgia, to enjoin her from obstructing his use of a driveway for ingress and egress of his property.  The defendant contended that she was justified in erecting and maintaining the obstruction and asserted a cross-action for special damages alleged to have been sustained.  At a former trial of the case verdict and judgment were for the defendant, but this court reversed.  *DeLong v. Cobb*,

215 Ga. 500 (111 S. E. 2d 89). Upon retrial the jury returned a verdict for the plaintiff. The defendant's amended motion for new trial was overruled, and she brought her case to this court.

The motion for new trial was predicated upon the usual three general grounds and also three special grounds. The latter were that certain documentary evidence was erroneously admitted, that the verdict and judgment were contrary to the evidence in a stated particular, and that the court erroneously' failed to give a requested charge to the jury on a subject which was adjusted to the issue of the easement claimed. Obviously, determination of each of these grounds requires consideration of the evidence.

A motion to dismiss the writ of error was made because of the absence of an approved brief of the evidence. The record does not show that objection as to lack of approval of the brief of evidence by the trial judge was made in the trial court.

While what purports to be a 20 page brief of the evidence is found in the record, it does not contain any certification of approval by the trial judge as is required by *Code Ann.* §§ 70-301.1 and 6-802. No brief of evidence was incorporated in the bill of exceptions or attached thereto and duly and properly identified.

Immediately after this case was argued here on April 10, 1961, an order by the trial judge reciting his approval of "the foregoing 27 pages of transcript of the evidence, including the exhibits attached," was entered, filed in the trial court clerk's office and a certified copy thereof transmitted to this court. This order also recited that it "is signed nunc pro tunc as of date of October 14, 1960," such date being that of the filing in the trial court clerk's office of the amended motion for new trial.

This nunc pro tunc order, from its reference to "the exhibits attached," suggested diminution of the record. Therefore, this court directed that the trial court clerk ascertain and certify as to whether any such exhibits were on file. Accordingly, certification was made that there were none of record. Such exhibits are referred to in the purported brief of evidence and are directly related to the evidence contained therein. Also, there is a variance between the reference to 27 pages in the nunc pro tunc order and the 20 pages constituting the purported brief of evidence actually transmitted to this court. A further complica-

tion is that the purported brief of evidence is not identified in any manner by the bill of exceptions or by the nunc pro tunc order. However, we put aside all of those features of the record. What is decisive is the absence of approval by the trial judge of a brief of evidence *before he certified the bill of exceptions.*

It is well settled that where, as here, the errors complained of require a consideration of the evidence, such evidence must be either (1) incorporated in the certified bill of exceptions, or (2) attached thereto as an exhibit duly and properly identified by the trial judge, or (3) embodied in an approved brief of the evidence. *Colquitt v. Solomon,* 61 Ga. 492. The plaintiff in error in this instance chose the third of the foregoing methods, a brief of the evidence, but failed to execute it properly. The rule is that "This court can not consider as a brief of evidence a document appearing as such in a record, unless the record or bill of exceptions affirmatively shows that the document has been approved as correct by the trial judge. . ." *Perry v. Perry,* 188 Ga. 477 (1) (4 S. E. 2d 184), quoted in *Nail v. Nail,* 212 Ga. 299 (92 S. E. 2d 109). The approval by the trial judge of the brief of evidence on April 10, 1961, by nunc pro tunc order as of October 14, 1960, is of no effect. The trial judge lost jurisdiction when he certified the bill of exceptions on February 14, 1961. *Simpson v. Simpson,* 138 Ga. 204 (75 S. E. 98); *Pryor v. Pryor,* 162 Ga. 148 (132 S. E. 895).

The situation here is the same as that in *Milton v. City of Savannah,* 121 Ga. 89 (48 S. E. 684), where, after the trial judge had certified the bill of exceptions, he sought to approve the brief of evidence, reciting that lack of earlier approval was an oversight.

Mr. Justice Cobb, speaking for the court, said: "This court can not consider a brief of evidence which has not been approved by the trial judge. [Citation.] The approval of a brief of evidence may be shown by a recital in the bill of exceptions, or the judge may, at any time before the bill of exceptions is certified, indorse his approval upon the brief of evidence. [Citation.] But his authority to deal with the brief of evidence in

any way, either by changing it or making indorsements thereon, terminates when he signs the certificate to the bill of exceptions. [Citations.] This court can not consider the writing filed by the judge after the bill of exceptions was certified, and therefore the case must be treated as one in which there is no approved brief of evidence."

*Code Ann.* § 70-301.1, dealing with briefs of evidence upon motion for new trial, provides that ". . . should such assignments of error require the consideration of any portion of the evidence in the case the failure of the movant to file a brief of the evidence, properly approved as required by law, shall be held and deemed a waiver of all such grounds of the original or amended motion for new trial, and neither the trial court, upon the hearing of said motion, nor the appellate court, upon a review of the ruling of the trial court thereon, shall be required to pass upon any assignment of error which may be made involving a consideration of the evidence. . ."

The burden is upon him asserting error to show it affirmatively by the record (*Smith v. State,* 203 Ga. 636, 47 S. E. 2d 741); and where, as here, the errors complained of require consideration of the evidence, this can be done only by transmitting the evidence to this court in the proper manner. *Perry v. Perry,* 188 Ga. 477, supra. Plaintiff in error in the instant case does not carry her burden of showing error; on the contrary, being without an approved brief of the evidence, she is deemed to have waived all grounds of her amended motion for new trial.

We must, therefore, assume that the judgment complained of is correct.

The provision of *Code* § 6-805, relating to the necessity of insisting upon lack of approval of the brief of evidence in the trial court, does not require a different conclusion. The effect of this section upon the reviewing process was well put by then Presiding Judge Jenkins when speaking for the Court of Appeals in *Stainback v. Dunn,* 53 Ga. App. 464 (186 S. E. 220): "The result of the absence of a brief of the evidence, where its absence has not been questioned in the trial court and of the absence of the complete evidence from the bill of exceptions, is

*not the dismissal* of the case, *but the* affirmance of a judgment refusing a new trial on the general grounds or on any special grounds requiring reference to the entire evidence. Therefore, the instant motion to dismiss the writ of error because of the absence of a brief of the evidence must be denied; but any exception which requires a consideration of all the evidence must be determined adversely to the plaintiff in error, unless such evidence, properly authenticated, appears in the record." (Italics ours.)

*Judgment affirmed. All the Justices concur.*