### 22323.   CLARK v. THE STATE.

ARGUED JANUARY 14, 1964—DECIDED JANUARY 30, 1964— REHEARING DENIED FEBRUARY 11, 1964.

*B. Clarence Mayfield, E. H. Gadsden,* for plaintiff in error. *Andrew J. Ryan, Jr., Solicitor, R. E. Barker,* contra.

DUCKWORTH, Chief Justice. ■ The demurrer attacks the statute (Ga. L. 1960, p. 142; *Code Ann.* § 26-3005) upon the grounds that it denies the equal protection and due process guaranteed by the Fourteenth Amendment (*Code* § 1-815). This case is a striking illustration of the one-sided appeals constantly made to this Amendment. The heart of the Amendment—everything it seeks to protect—is found in its provision that there must be equal protection of the law and there must be no deprivation of "life, liberty or property" without due process of law. It places them all upon precisely the same level of inviolability. No judge can, with good conscience, give to either "Life" or "Liberty" or "Property" a priority or preferential protection over the other two. Indeed, any judge can harmonize all apparent conflicts in these rights by limiting each to the exact point where to extend it would invade the other. To illustrate, life can be forfeited by its criminal use in a manner that the law provides for its forfeiture because of the inhibited criminal act. Liberty stops where to extend it invades the liberty of another. Property is protected against unauthorized uses of life

or liberty. Not only do all judges know that the actual value of property is in its use or sale in harmony with law, *Harris v. Duncan,* 208 Ga. 561 (67 SE2d 692), but every layman knows this. Any invasion regardless of its degree of the owner's dominion over use or sale of his private property is interdicted by the Fourteenth Amendment as well as Art. I, Sec. I, Par. II of Georgia's Constitution (*Code Ann.* § 2-102). Therefore, this demurrant must abide by as well as rely upon the Fourteenth Amendment. Any intelligent court *must* hold that this liberty stops precisely where to extend it would trespass upon another's property. If one is granted the liberty to invade another's private property over the objection of the owner for any period of time, that same liberty would continue for all time, and the result is destruction of property without due process in direct violation of the Constitution. Therefore, one could find no constitutional process that would entitle him to commit the trespass forbidden by this statute, hence it denies him none. Compare Nash v. United States, 229 U.S. 373, 377 (33 SC 780, 57 LE 1232); International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 216 (34 SC 853, 58 LE 1284); Collins v. Commonwealth of Kentucky, 234 U.S. 634 (34 SC 924, 58 LE 1510); Connally v. General Const. Co., 269 U.S. 385 (46 SC 126, 70 LE 322); Lanzetta v. New Jersey, 306 U.S. 451 (59 SC 618, 83 LE 888); Lambert v. California, 355 U.S. 225 (78 SC 240, 2 LE2d 228).

As to equal protection, every owner, manager, or his agents, by the law, is empowered to request everyone, whomsover, to leave his private property, hence complete equal protection is insured. We do not dwell upon the portion of the demurrer, which is dehors the record—and is undeniably speaking, since it states matters not shown by the statute or accusation—because the uniform decisions of this court hold that such matters can not present any question for decision by a demurrer. *Beckner v. Beckner,* 104 Ga. 219 (30 SE 622); *Teasley v. Bradley,* 110 Ga. 497 (7), 507 (35 SE 782); *Crowley v. Calhoun,* 161 Ga. 354 (3) (130 SE 563); *Phinizy v. Phinizy,* 152 Ga. 694 (2) (111 SE 433); *Interstate Bond Co. v. Cullars,* 189 Ga. 283 (5 SE2d 756).

Rules of pleading and practice adopted by this State have never been challenged by the Supreme Court when they were considered constitutional. We think they are the best, but those who differ with us will not violate them simply because they prefer others. It follows that the court did not err in overruling the demurrer.

This ruling accords with The Civil Rights Cases, 109 U.S. 3 (3 SC 18, 27 LE 835). So long as America thus preserves private property, which includes its possession, use and alienation, Communism can never rule this Nation, as private property is an insuperable barrier to the establishment of Communism. We trust that the Judiciary will always refuse to open the gate to Communism and will obey the constitutional command to protect private property.

■ The only other question sought to be raised is the sufficiency of the evidence. We are not happy with the condition of this record. But the attorneys display either a lack of knowledge of the law governing such records or a disrespect therefor. The unvarying rule—as old as this court, and constantly stated in our decisions—is that a brief of evidence must be *approved* by the trial judge. *Massey v. Pitts, Cook & Company,* 48 Ga. 124; *Spencer v. Georgia R. & Bkg. Co.,* 55 Ga. 584; *Harrison & Co. v. Hall Safe & Lock Co.,* 64 Ga. 558; *Hardin v. Lovelace,* 79 Ga. 209 (3) (5 SE 493); *Perry v. Perry,* 188 Ga. 477 (4 SE2d 184). And in the absence of such a brief all questions requiring a consideration of evidence will be resolved in favor of the judgment, and it will be affirmed. *Hilton & Foster v. McAdams,* 82 Ga. 577 (9 SE 426); *Jones v. Gate City Lodge No. 54,* 171 Ga. 844 (156 SE 672); *Perry v. Perry,* 188 Ga. 477, supra. Therefore, since no approved brief is in this record we are required to affirm the judgment overruling the motion for a new trial which contained only the general grounds and the motion to acquit which would also require consideration of the evidence.

The judge approved the bill of exceptions on September 27, 1963, which recited that a "tendered brief of the evidence" was a record necessary to decide the questions raised. Then on October 7, 1963, after he had lost jurisdiction by his certifica-

tion, he entered upon papers purporting to be the evidence the statement that it was tendered on that date. *Jones v. State*, 64 Ga. 697; *Milton v. City of Savannah*, 121 Ga. 89 (2) (48 SE 684); *Kelley v. City of Atlanta*, 141 Ga. 612 (81 SE 869); *Boatright v. Boatright*, 150 Ga. 68 (102 SE 424); *Pryor v. Pryor*, 162 Ga. 148 (132 SE 895). Counsel approved an entry in the record acknowledging that the trial judge gave them notice of errors and his objections to the bill of exceptions, and by their direction, the judge corrected it to "cause it to speak the truth, agreeably to the law." Such corrections struck a recital in the bill of exceptions that the brief had been approved and inserted that it had been tendered. They then bring to this court a document which appears to be the testimony but which has not been approved by the judge as the law plainly demands, and while it has no filing date it clearly shows that it was tendered to the trial judge on October 7, 1963, after the trial judge had lost jurisdiction on September 27, 1963. This court will not simply guess what the true evidence was nor sanction a plain failure to conform to the essential rules, nor violate well-established rules by which we are bound in order to render a judgment based upon an unapproved and hence unreliable record. This rule is essential to the orderly review of cases by this court, and it applies to all cases without exception.

For the reasons stated, all of the judgments and rulings complained of in the bill of exceptions must be affirmed.

*Judgment affirmed. All the Justices concur.*