22387.  MACK et al. v. THE STATE.
22388.  PINKNEY et al. v. THE STATE.
22389.  MORRELL et al. v. THE STATE.
22390.  LLOYD et al. v. THE STATE.
22391.  EASON et al. v. THE STATE.
22392.  WASHINGTON et al. v. THE STATE.
22393.  WASHINGTON et al. v. THE STATE.
22394.  BROWNLEE et al. v. THE STATE.
22395.  SAMMONS et al. v. THE STATE.
22396.  KINLAW et al. v. THE STATE.
22397.  LANG et al. v. THE STATE.
22400.  HAMILTON et al. v. THE STATE.
22401.  BROWN et al. v. THE STATE.

QUILLIAN, Justice.  In each of the above cases the defendants were charged on accusation with violation of Ga. L. 1960, p. 142 (*Code Ann.* § 26-3005), which makes it a misdemeanor for any person to refuse to leave the premises of another when requested to do so by the owner or any person in charge of the premises, or the agent or employee of the owner or person in charge.  In each case the defendants were tried in the City Court of Savannah.  The trial judge sitting without the intervention of a jury duly convicted and sentenced to misdemeanor punishment.  They except and assign error to the overruling of the general demurrers, the plea in abatement, the motion to acquit and motion for new trial, and the refusal to admit certain evidence.  *Held:*

1. The general demurrers in ten of these cases are identical with the demurrers contained in *Clark v. State,* 219 Ga. 680 (135 SE2d 270).  The ruling therein made is controlling here.

2. In three cases, Brownlee v. State, Sammons v. State, and Kinlaw v. State, the demurrers attack *Code Ann.* § 26-3005 as being unconstitutional for certain specified reasons.  No reference was made to an Act of the legislature.  There being no section 26-3005 in the Code of 1933, such abortive constitutional attack is futile.  *Morgan v. Todd,* 214 Ga. 497, 499 (106 SE2d 37); *Bowen v. State,* 215 Ga. 471 (111 SE2d 44).

3. Review of all the remaining assignments of error contained in the respective bills of exceptions, to wit: those going to the overruling of the plea in abatement, the refusal to grant the motion for acquittal, the denial of the motion for new trial and

830

the exclusion of certain evidence, requires an examination of the evidence adduced upon the trial. In order for this court to make such examination and pass upon such issues, there *must* be an *approved* brief of evidence. In the absence of an approved brief all questions involving a consideration of the evidence are resolved in favor of the judgment, which will be affirmed.

Although each of the instant cases contains a purported brief of evidence, in not one may be found a brief of evidence duly approved by the trial judge. As was held in *Clark v. State,* 219 Ga. 680, 684, supra: "This court will not simply guess what the true evidence was, nor sanction a plain failure to conform to the essential rules, nor violate well established rules by which we are bound in order to render a judgment based upon an unapproved and hence unreliable record." Therefore, all the judgments must be and are

*Affirmed. All the Justices concur.*

ARGUED MARCH 9, 1964—DECIDED APRIL 9, 1964—REHEARING DENIED APRIL 21, 1964.

*B. Clarence Mayfield, E. H. Gadsden,* for plaintiffs in error.

*Andrew J. Ryan, Jr., Solicitor, Robert E. Barker, Assistant Solicitor,* contra.