22687. FERNANDEZ v. SAMS, Ordinary, et al.

HEAD, Presiding Justice. The only assignment of error in the writ of error is on the denial of a mandamus absolute after the hearing of evidence. The bill of exceptions specifies as material to an understanding of the error complained of: "The transcript of the record of said hearing dated June 10, 1964." The bill of exceptions was certified by the trial judge on June 30, 1964. A purported brief of evidence in the record was certified by the court reporter on June 15, 1964. There is an order of the trial judge approving this brief of evidence dated August 15, 1964. The deputy clerk of the superior court in transmitting the record to this court stated: "The delay in transmitting this transcript of record is due to the fact the Attorney for the Plaintiff in Error did not file the required Transcript of Evidence until August 15, 1964." *Held:*

1. "The trial judge has no authority to approve a brief of evidence after the bill of exceptions has been certified." *Milton v. City of Savannah*, 121 Ga. 89 (2) (48 SE 684); *Days v. Atlanta & Charlotte Air-Line R. Co.*, 101 Ga. 785 (29 SE 21); *Simpson v. Simpson*, 138 Ga. 204 (75 SE 98); *Pryor v. Pryor*, 162 Ga. 148 (132 SE 895); *Cobb v. DeLong*, 216 Ga. 794 (120 SE2d 177); *Clark v. State*, 219 Ga. 680, 683 (135 SE2d 270).

2. Since the sole question raised by the assignment of error in the bill of exceptions can be determined only by reference to the evidence, and the brief of evidence attached to the record can not be considered, the judgment of the trial court denying the mandamus absolute must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 13, 1964—DECIDED NOVEMBER 5, 1964.

*Johnson & Johnson, Jean E. Johnson, Sr.*, for plaintiff in error.
*Reed, Ingram & Flournoy, R. M. Reed*, contra.

