## PAGE *vs.* BLACKSHEAR.

1. A motion for a new trial was filed and approved on February 6, 1885, and on that day an order was passed by the court as follows: "A motion for new trial in the above case having been filed and approved by the court, but it appearing to the court that the short-hand reporter, who took down the evidence and the rulings of the court during the progress of said case, is not prepared to furnish, during this term of the court, copies of such evidence and such rulings to counsel for movant, it is therefore ordered by the court that movant's counsel have thirty days after the adjournment of this court to prepare and file the said brief of evidence in said case and to submit the same to counsel for respondents; and that, by the first Wednesday in June next, movant's counsel shall submit to the court for his approval of said brief of evidence, in the event

counsel for movants and respondents should fail to agree thereon. It is further ordered that on the said first Wednesday in June, in the city of Macon, at ten o'clock A. M., in the office of Hon. T. J. Simmons, said motion for new trial shall be heard by the court; that counsel for movants have leave to amend said motion for new trial, counsel for respondents to be served with a copy of said motion as amended thirty days before the said first Wednesday in June."

The court adjourned on February 6. The brief of the testimony furnished by the reporter was filed on Saturday, March 7, and handed to counsel for respondents It appeared from the affidavit of respondent's counsel that a record, forming part of the documentary evidence, was not filed with the stenographer's report, but remained in his possession until March 9, at which time one of counsel for movants "got this record." A motion to dismiss the motion for new trial was made and sustained:

*Held*, that, by the terms of the order, the brief of evidence to be furnished by the short-hand reporter was to be filed within thirty days after the adjournment of the court. It was also to be submitted to respondent's counsel for agreement; but when this was to be done is not provided, except that the natural construction of the order would be that, if counsel failed to agree to the brief at any time before the day fixed for the hearing, the court should approve the brief, or correct it if necessary, and approve it.

2. Under the order the obligation was mutual upon the parties. The brief was delivered to respondent's counsel to afford him an opportunity to assist in perfecting it. He made no effort to do so; nor did he make any objection, except to the omission of the copy of the single document in his possession.

(*a.*) If the omitted document was filed on March 9, it was in time. Thirty days after the adjournment of court being allowed for the filing, and the last day falling on Sunday, March 8, the filing on Monday was within the time prescribed. Code, §4, sub-sec. 8.

3. Counsel for the movant complied substantially with the requirements of the order for the preparation and perfection of the motion; the opposite party made no effort whatever to aid in the completion of the work, and it was improper to allow him to take advantage of his own inaction to dismiss the motion.

(*a.*) This not being a consent order, it is doubtful whether the court had power to impose on counsel conditions as to giving notice in order to exercise the right of amendment of the motion. Code, §3479.

Judgment reversed.