## PATE *v.* CITY OF ATLANTA.

The plaintiff's evidence made out his case as laid, and it should have been left for the jury to determine whether his conduct leading up to his injuries was negligent.

Argued February 19, — Decided March 4, 1904.

Action for damages.    Before Judge Reid.    City court of Atlanta.    March 27, 1903.

*Westmoreland Brothers,* for plaintiff.

*J. L. Mayson* and *W. P. Hill,* for defendant, cited *Ga. R.* 114/196; 107/351; 103/848; 73/746; 56 Am. R. 495; Wat. Pers. Inj. 65.

CANDLER, J. A careful reading of the evidence for the plaintiff, in connection with his petition, convinces us that the grant of a nonsuit was error. The suit was based on the alleged negligence of the defendant in leaving open a ditch across one of its streets at night without placing near it lights or other warning to prevent passers-by from falling into the excavation. The ditch had been dug for the purpose of laying a sewer-pipe, and extended under and on both sides of a street-car track in the middle of the street. According to the plaintiff's evidence, he was walking along the sidewalk in the vicinity, and before reaching the ditch, and without reference to it, he started to cross the street, when he was attracted by a crowd gathered around a horse which had fallen into the ditch. He stopped and went in among the crowd to see what was the matter. After gratifying his curiosity he backed out of the crowd and crossed the street-car track, where he himself fell into the ditch and was injured. He swore that the night was dark; that there were no lights to warn him of his danger; that he could not see that the ditch into which the horse had fallen extended under and across the street-car track; and that there was nothing to put him on notice of that fact.

It will hardly be contended that it is negligent for a pedestrian, even on a dark night, to leave the sidewalk on which he is walking, for the purpose of crossing the street. Nor do we think it can be said as a matter of law that it is negligent, under such circumstances, for one to stop in the middle of the street and ascertain the cause for the gathering of a crowd, or that one who

sees a ditch on one side of a street in a crowded city at night is thereby put on notice that the ditch runs under and across a street-car track to the other side of the track.    Under the plaintiff's evidence, he was in the exercise of due care and prudence; and whether or not his conduct under the circumstances really amounted to negligence should have been left to the jury.

*Judgment reversed.    All the Justices concur, except Simmons, C. J., absent.*