## SHANNON *v.* MARTIN.

The provisions of the second paragraph of section 2 of the act of the General Assembly approved August 15, 1921 (Ga. L. 1921, p. 255), relating to the speed of motor-vehicles upon approaching or traversing intersecting highways, do not apply to intersecting streets of a city.

No. 5584. OCTOBER 1, 1927.

Questions certified by Court of Appeals (Case No. 17451).

*Jones, Evins, Moore & Powers,* for plaintiff in error.

*Hewlett & Dennis,* contra.

PER CURIAM. The Court of Appeals certified to this court, among others, the following question as to which it desires instructions: "Section 2 of the act of the General Assembly approved August 15, 1921 (Ga. L. 1921, p. 255), provides, in part, as follows: 'No person shall operate a motor-vehicle or motorcycle upon any public street or highway at a speed greater than is reasonable and safe, not to exceed a speed of 30 miles per hour, having due regard for the width, grade, character, traffic, and common use of such street or highway; or so as to endanger life, limb, or property in any respect whatever. Upon approaching any intersecting highway, bridge, railroad-crossing, dam, sharp curve, dugway, or . . descent, the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour.' Do the above-stated provisions set forth in the second para-

Appeal and Error, 4 C. J. p. 650, n. 37.
Highways, 29 C. J. p. 363, n. 1, 2, 4, 5; p. 364, n. 67.

graph of the section, and relating to the speed of motor-vehicles upon approaching and traversing intersecting highways, apply to intersecting streets of a city?"

We are of the opinion that this question should be answered in the negative. The portion of the statute referred to in this question is contained in section 2 of the act of the General Assembly, approved August 15, 1921 (Ga. L. 1921, p. 255). Section 2 contains four paragraphs, as will be seen by reference to the act in question. The second paragraph begins with the words, "Upon approaching any intersecting highway," and therefore the question which we must answer is whether the word "highway" as used in the second paragraph of section 2 includes "street," so as to make that paragraph of section 2 apply to intersecting streets of a city. The term "highway" is a generic term, and taken in its broad generic sense includes streets in cities and incorporated towns. But this generic term—highway—does not necessarily include streets; and where used in a statute like that under consideration, construction of the statute must be resorted to in order to arrive at the real meaning of the language employed by the lawmaking body; and it is after a consideration of this entire act, including section 2 and other sections of the act and the four paragraphs contained in section 2, that we have arrived at the construction which excludes, in this particular case, "streets" from the word "highway." The title of the act in question, omitting that part of the title which relates to the penalty for a violation of the act is as follows: "An act to regulate the use of motor-vehicles and motorcycles upon the public streets *and* highways of this State." Section 1 of the act, which relates to the equipment of motor-vehicles in use or operation upon streets or highways, uses both words, "streets or highways." The same general observation may be made in regard to section 3, which relates to passing moving vehicles; it uses the same expression, "a public street or highway." Section 3 contains two separate paragraphs; in each one of them the expression "public street or highway" is used. So in section 4, section 5, and section 8. But in the second paragraph of section 2 the word "street" is not used, but the word "highway" alone is used, in speaking of ways. Must we conclude that when the lawmaking body omitted the word "or streets" in paragraph 2, to which the question propounded relates, it did

so because it considered that the word "streets" was included in or covered by the word "highways"? How can we so conclude, in view of the fact that in the caption of this act, and in the other sections to which we have made special reference, the words "highways or streets" or "streets and highways" were employed? We conclude, rather, that the word "streets," in paragraph 2, section 2, was intentionally omitted, so that that paragraph might relate to highways outside of cities or incorporated towns. Surely it is a sound rule of construction that a law will be so interpreted as to make its application most reasonable in a case where the language calls for construction and interpretation. Is it not reasonable here to conclude that the legislature intended to leave the matter of regulating traffic at intersecting streets to the municipal authorities of the towns or cities in which such streets should be located? Section 7 of the act, a part of which is under construction here, provides for municipal regulation of the running or operating of motor-vehicles described in the act, and it would seem that of all the regulations which it would be competent for the municipal authorities to adopt would be regulations relating to the speed at which motor-vehicles upon the streets of a town or city should cross an intersecting street. It is a matter of public knowledge that in many cities certain streets are denominated as "thoroughfares" and have their character as such established by ordinance, and those operating motor-vehicles upon the streets that intersect these thoroughfares must come to a stop before crossing the thoroughfare, and after coming to a full stop may proceed. In some cases thoroughfares intersect thoroughfares, in which case those operating motor-vehicles must come to a full stop before crossing either thoroughfare. This allows the operators of motor-vehicles along the thoroughfares, which are supposed to be the streets over which there is a heavier traffic or the passage of a large number of motor-vehicles, to cross the street intersecting the thoroughfare at such a speed as the municipal authorities may determine by ordinance not in conflict with the statute. It may well be concluded that the legislative body was of the opinion that to fix a maximum speed of ten miles an hour for operating motor-vehicles across intersecting streets would cause an almost hopelessly congested condition of traffic in some cities. To hold that the word "highway" when used in a statute like this does not

necessarily include streets, and that it is not used in its broad generic sense, is not adopting any unusual construction. "A street is a public road or way in a city, town, or village; and though it is a public highway, it is usually specifically denominated by its own proper appellation. So, properly speaking, a public highway is not necessarily a street. Whether it is such within the purview of statutes must, of course, be resolved by construction." 13 R. C. L. § 6. In 1 Elliott on Roads and Streets (3d ed.), § 22, it is said: "It is sometimes necessary to discriminate between the genus highways and the species streets; but when the species is designated, there can seldom be any difficulty in determining what class of public ways is intended, although it will not do to conclude, in all cases where the term "highways" is employed, that streets are included. The character which the location of a public way in a town or city impresses upon it so distinguishes it from an ordinary suburban way that one who should apply to a street the same rules in all respects as those which govern a country road, or who should invariably construe a statute containing the word "highways" as embracing streets, would often go far astray. It would certainly be erroneous to conclude that a statute using the term "highways," presumptively included railroads, tramways, canals, or navigable streams; yet these are all highways. It is therefore not to be assumed in all cases that streets are referred to when a statute speaks of highways; on the contrary, the presumption sometimes arises that the statute refers only to ordinary rural public roads, under the control of local highway officers, where there is no language which indicates an intention to include urban ways, and that intention is not inferable from the scope and object of the statute, or where other statutory provisions upon the subject relate specifically to streets and seem to be exclusive, or the like." In Strange v. Board of Commissioners, 173 Ind. 640. (91 N. E. 242), it was said by the Supreme Court of Indiana: "Roads" and "highways"are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys, township and plank roads, turnpike. or gravel roads, tramways, ferries, canals, navigable rivers, including also railroads. Southern Kansas Co. v. Oklahoma City, 12 Okl. 82, 69 Pac. 1050; Union Pac. Ry. Co. v. Colfax Co., 4 Neb. 450; Washington County v. Williams, 111 Fed. 801, 49 C. C. A. 621; M. & O. R. R. Co. v. Davis

(1889), 130 Ill. 146, 22 N. E. 850; Evansville, I. & C. Straight Line R. Co. *v.* Evansville, 15 Ind. 395; Elliott, Roads and Streets, 1, 7, 19. A street is a highway, but a "highway" is not necessarily a street. Tucker *v.* Conrad, 103 Ind. 349, 2 N. E. 803; Common Council *v.* Croas, 7 Ind. 9." And we might cite and quote from numerous other authorities and decisions authorizing the construction which we have placed upon the word "highway" as used in the part of the statute under consideration here. We think our construction of the statute which we have under consideration is based upon sound reason and is authorized by all the authorities, text-writers, and decided cases, and is demanded in view of the context and a comparison of the portion of the statute to which the question relates with the caption and other sections of the act of the General Assembly.

Two other questions accompanied the question which we have answered, but they were to be answered only in case the first question was answered in the affirmative; and as we have answered it in the negative, the other questions are not dealt with.

RUSSELL, C. J., and HINES, J., dissent.

RUSSELL, C. J. I am of the opinion that we should answer the question in the affirmative. Without entering into any discussion as to the various definitions of roads, streets, and highways, I am convinced that the language of the section itself which uses both terms (street and highway) plainly demonstrates that it was the intention of the legislature, in the use of the term "highway" in the paragraph now under consideration in connection with bridges, railroad-crossings, dams, sharp curves, dugways, or descents, to employ it in its generic sense, and thus include streets as well as roads. It will be noted that, aside from the use of the generic term "intersecting highway," the other objects which the operator of a motor-vehicle would approach could be found either upon a street or a rural road: bridges, railroad-crossings, dams, sharp curves, dugways, and descents being common on both streets and roads. The purpose of the passage of the act was to insure the safety of the traveling public, including pedestrians, whose rights are frequently but little regarded; and there is certainly greater need for the healthful provisions of the statute in crowded streets of a city than along the public roads in the country where at many hours of the day there is but little, if any, traffic. In any definition of

a "highway" streets are included; and since the General Assembly after applying the provisions of the act to any person who shall "operate a motor-vehicle or motorcycle at a greater speed than is reasonable and safe, not to exceed a speed of 30 miles per hour," etc., proceeds to say that whether such operator is on a street or a highway, "upon approaching any intersecting highway, bridge, railroad-crossing, dam, sharp curve, dugway, or descent, the operator of a motor-vehicle or motorcycle shall at all times have said vehicle under immediate control, and shall not operate said vehicle at a greater speed than ten miles per hour," and when the language of the section is construed with reference to its purpose and the evil sought to be remedied, I think it plain that the General Assembly intended that one traveling a street in a city and who is "approaching" an intersection, because his course has brought it so plainly in his view that he has only to proceed in order to traverse it, should as properly be submitted to this wise regulation as a similar operator who is preparing to cross an intersection of two country roads. One approaching an intersection of two streets is one intending to traverse the intersection who has reached a point where he can plainly see and be seen by those who may purpose to cross his path or to traverse the intersection in an opposite direction. The streets of a city are as much the property of the State as the country roads. The authority as to streets conferred upon municipal corporations is and must of necessity be at all times subordinate to that of the General Assembly. The urgent need of measures to insure the public safety on the crowded thoroughfares of a city is greater than on country roads subjected to but little traffic.

Another reason why the provisions of the section referred to in the question of the Court of Appeals is intended to apply to the streets of a city appears in the fact that the approach to the intersection of two streets in a city is much more readily discerned than the fact that one is approaching an intersecting country road, sometimes partly overgrown with grass, and but seldom worked.