## PERRY *v.* ACREE *et al.*

BECK, P. J. 1. A judgment overruling a general demurrer to a petition, unless excepted to and reversed, is an adjudication that the petition sets forth a cause of action. *Turner* v. *Willingham*, 148 *Ga.* 274 (96 S. E. 565).

2. The judgment overruling the demurrer is not properly excepted to in this case, as it has been frequently ruled that a judgment overruling a demurrer can not properly be made a ground of a motion for new trial.

3. The plaintiffs had purchased a tract of land from the defendant, Perry, and it is alleged in the petition that the plaintiffs had sold the land to one Thompson and transferred to him the bond for title received from Perry, their vendor; and that Perry had consented and agreed to take Thompson's notes in place of the plaintiffs' notes for the balance of the purchase-money due, thereby substituting Thompson as debtor for the land in question in lieu of the plaintiffs. The defendant denied that he had consented to this, as alleged. Upon this issue, evidence showing the value of the land at the time it was sold to Thompson, and evidence tending to show that Thompson had property of greater value than plaintiffs', and that his note was better security than that of the plaintiffs, tended to show motive for Perry's consent to the transaction by which Thompson was substituted as debtor for the plaintiffs, and was therefore not immaterial or irrelevant upon the issue thus made.

4. The statement of the contention of the plaintiffs, in the instruction complained of, was substantially correct.

5. The court charged the jury in part as follows: "He [Perry] admits that he did agree to take the note of Thompson in lieu of the note of Acree and Gay when it was tendered to him." This is excepted to upon the ground that "it was not contended, either in the pleading or in the evidence, that Thompson's note was ever tendered to Perry; and this charge was calculated to cause the jury to believe that Gay and Acree and Thompson actually tendered Thompson's note to Perry, when in fact the contention was, as well as the evidence, that the Thompson note was never tendered to Perry." The exception is not well taken. In the light of the evidence and the pleadings and the remainder of the charge, this extract from the instructions of the court could not have "caused the jury to believe that Gay and Acree and Thompson actually tendered Thompson's note to Perry," or that there was a contention that they had done so.

6. The testimony authorized the jury to find that the material allegations in the petition were sustained by a preponderance of the evidence.          *Judgment affirmed.   All the Justices concur.*

No. 6082.   JANUARY 10, 1928.

Appeal and Error, 3 C. J. p. 903, n. 13.
Evidence, 22 C. J. p. 175, n. 76.
New Trial, 29 Cyc. p. 762, n. 10.
Pleading, 31 Cyc. p. 349, n. 21.
Trial, 38 Cyc. p. 1779, n. 75.

Equitable petition. Before Judge Park. Morgan superior court. May 28, 1927.

*Walter Merritt* and *E. R. Lambert,* for plaintiff in error.

*Q. L. Williford,* contra.