18402. ATLANTA & WEST POINT RAILROAD CO. *v.* WEST.

*Dorsey, Howell & Heyman,* for plaintiff in error.

*Reuben R. & Lowry Arnold, H. A. Allen,* contra.

BELL, J.   Mrs. Ophelia West obtained a verdict for $11,000 against Atlanta & West Point Railway Company for the death of her husband, which occurred in a collision between a truck driven by him and one of the defendant's trains at a public crossing known as Washington-street crossing, in the city of East Point, Georgia. The defendant, after unsuccessfully moving for a new trial in the court below, brought the case to this court for review.

Among the several specifications of negligence set forth in the petition was the alleged violation of a speed ordinance of the municipality, and there was some evidence to sustain this averment. The evidence tended also to show that the decedent, on approaching the crossing, was operating his vehicle at a greater speed than ten miles per hour, contrary to law.   Ga. L. 1921, p. 255, sec. 2.   The court charged the jury as follows: "Upon approaching an intersecting railroad crossing the operator of a motor-vehicle shall at all times have said vehicle under immediate control and shall not operate said vehicle at a greater speed than ten miles per hour. While it is made unlawful for a person to drive an automobile over a railroad-crossing at a rate of speed more than ten miles per hour, it still remains a question for the jury as to whether the decedent, if he was violating such law of the State, was guilty of such negligence as was the proximate cause of injury to him or of his death; and in determining that question the jury would have regard to all the facts and circumstances of the case, it being a question for the jury to determine what is due care in such cases—what is ordinary care—what is ordinary care as relates to the duty of the railroad company, what is ordinary care as relates to the driver of

the automobile, and whether or not any negligence on the part of either was the proximate cause of the injury or death of the person injured." In the motion for a new trial it was contended that this charge was "error in that the failure on the part of the operator of a motor-vehicle to obey said statute is by law made negligence per se, and defendant contends that the court should have so charged the jury. Defendant further contends that the failure to so charge the jury, but charging the jury that it was left to the jury to determine what was due care in such a case, left to the jury the determination whether or not the failure to comply with said statute was an act of negligence on the part of the deceased. Movant contends that said charge of the court was error and prejudicial to the defendant."

In our opinion this assignment was well taken and should have been sustained. While the quoted charge clearly informed the jury that it was unlawful for a person to drive an automobile upon a public crossing at a greater rate of speed than ten miles per hour, and while it may be immaterial that the court did not instruct them in terms that the violation of the statute upon that subject would constitute negligence, or "negligence per se," whether a person in the violation of such statute was in the exercise of due care could not be a jury question; and applying the charge of the court to the evidence adduced, the jury could, have found that the decedent drove his truck upon the crossing at an unlawful speed, but that in doing so he was not negligent. The violation of a statute enjoining a duty of diligence is negligence as a matter of law, and in that respect is not issuable. *Lime-Cola Bottling Co.* v. *Atlanta &c. R. Co.,* 34 *Ga. App.* 103 (3) (128 S. E. 226). In *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671), the Supreme Court held that the provisions of section 2 of the act of August 15, 1921, relating to the speed of automobiles upon approaching intersecting highways, do not apply to intersecting streets of a city; but we do not think the provisions of the act excluded railroad crossings in a city.

We think the error in the court's charge was substantial and required a new trial. We have carefully examined each of the other assignments and find them without merit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*