20219. SAPP *v.* ELROD.

DECIDED APRIL 16, 1930.

*Breen, Finch & Padgett, Marion Williamson, E. Harold Sheats,* for plaintiff.

*McDaniel, Neely & Marshall,* for defendant.

BLOODWORTH, J. Devine Watson, as next friend of Thomas Sapp, sued A. S. Elrod and Dowman Dozier Manufacturing Company, alleging that Sapp was injured while traveling on a bicycle on Ponce de Leon Avenue, "in said State and county, and in the City of Atlanta." The plaintiff amended his original petition

by striking therefrom Dowman Dozier Manufacturing Company and adding thereto that "the defendant was negligent per se in violating the act of the legislature of 1910, page 90, as found [in] Park's Code of 1910, section 828(e), and Michie's Code of 1926, section 1870 (5), in that defendant crossed an intersecting highway, to wit Glen Iris Drive and Ponce de Leon Avenue, at a speed in excess of six miles per hour, and that he violated said law in that he turned a sharp curve at the aforesaid corner in excess of six miles per hour." The defendant filed a demurrer to this amendment and moved to strike it, "for that the said act of 1910 set forth and pleaded was repealed by the act of the Georgia legislature in 1927, known as the motor-vehicle act." The court sustained the demurrer and struck the amendment, and the plaintiff excepted pendente lite. The case proceeded to verdict and judgment in favor of the defendant, and the plaintiff excepted.

The first headnote needs no discussion. What follows is in elaboration of the second headnote. At the outset attention is directed to the fact that between the date of the approval of the act of 1910 (Ga. L. 1910, p. 95) and the approval of the act of 1927 (Ga. L. 1927, p. 226) the legislature passed several bills relating to automobiles, among them the act of 1915 (Ga. L. Ex. Sess. 1915, p. 107), and the act of 1921 (Ga. L. 1921, p. 255), none of which require consideration in connection with the instant case further than to call attention to the fact that so far as the act of 1915 relates to the speed of motor-vehicles, it has been declared void upon the ground that it is unconstitutional (*Jones* v. *State,* 151 *Ga.* 502, 107 S. E. 765), and that the act of 1921 does not apply to intersecting streets of a city. *Shannon* v. *Martin,* 164 *Ga.* 872 (139 S. E. 671, 54 A. L. R. 1246). Attention is called also to the fact that the case of *Byrd* v. *Thigpen,* 40 *Ga. App.* 257 (149 S. E. 290), though decided August 23, 1929, relates to an accident which, as shown by the record in the office of the clerk of this court, occurred on May 14, 1919, prior to the passage of the act of 1921; and the decision in that case has no bearing on the instant one. The portion of the act of 1910 pleaded in the amendment to the petition is section 5 and is as follows: "That no person shall operate a machine on any of the highways of this State as described in this act at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highways, or so as to endanger the life or

limb of any person or the safety of any property, and upon approaching a bridge, dam, high embankment, sharp curve, descent or crossing of intersecting highways and railroad crossings, the person operating a machine shall have it under control and operate it at a speed of not greater than six miles per hour." The act is alleged in the demurrer to have been repealed by the act of 1927 (Ga. L. 1927, p. 226). Section 11 of this act follows: "No person shall operate a motor-vehicle upon any public street or highway at a speed greater than is reasonable and safe, having due regard for the width, grade, character, traffic and common use of street or highway, or so as to endanger life or limb or property in any respect whatsoever; but said speed shall not exceed those tabulated below." Then follows a table showing the gross combined weight of motor-vehicle and load in pounds, kind of tires, and speed in miles per hour, ranging from 5 to 40. This act does not expressly repeal the act of 1910, but provides only that "all laws and parts of laws in conflict with this act be and the same are hereby repealed;" but by necessary implication the act of 1910 is repealed.

In *Butner* v. *Boifeuillet,* 100 *Ga.* 743 (28 S. E. 464), Judge Atkinson quoted from the case of Butler *v.* Russell, 3 Clifford, 251, in which Justice Clifford of the Supreme Court of the United States, presiding on the circuit bench of the first circuit, laid down the following rule: "Where the provisions of the old statute are revised in the later enactment, and where the later statute was intended to prescribe the only rules upon the subject, the subsequent is held to repeal the former statute. When a revising statute covers the whole subject-matter of antecedent statutes, it virtually repeals the former enactments, without any express provision to that effect. Where some parts of the revised statute are omitted in the new law, they are not, in general, to be regarded as left in operation if it clearly appear to have been the intention of the legislature to cover the whole subject by the revision." In *Horn* v. *State,* 114 *Ga.* 510 (40 S. E. 768), Chief Justice Simmons thus states the principle: "The rule as to repeal by implication is, in such cases, so far as we can ascertain from the authorities, that when the legislature intends to revise a former act or charter or to deal exhaustively with the subject of all or a part of the original act, and a portion of the original act is left out, such omitted portion is repealed by implication." We recognize that

repeals by implication are not favored, and it is only when "a statute is clearly repugnant to a former statute, and so irreconcilably inconsistent with it that the two can not stand together, *or is manifestly intended to cover the subject-matter of the former and operate as a substitute for it* (italics ours) that such a repeal will be held to result." *Johnson* v. *So. Mut. Bldg. & Loan Asso.*, 97 *Ga.* 622 (25 S. E. 358). In this case it is clear that the act of 1927 was intended to cover the same subject-matter as the act of 1910 and operate as a substitute therefor. See also *Miller* v. *Southwestern R. Co.*, 55 *Ga.* 143; *Kennedy* v. *McCardel*, 88 *Ga.* 454 (14 S. E. 710) ; *Gress Lumber Co.* v. *Coody*, 99 *Ga.* 778 (27 S. E. 169) ; *Jones* v. *Stokes*, 145 *Ga.* 749 (89 S. E. 1078).

Applying the principle announced in the foregoing decisions we hold that the portion of the act of 1910 upon which plaintiff relies was repealed by the act of 1927, and that the court properly sustained the demurrer to a portion of the petition, and did not err in entering judgment in favor of the defendant.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*