## ROGERS *v.* MacDOUGALD *et al.*

No. 8580. September 13, 1932. Rehearing denied September 27, 1932.

*Winfield P. Jones* and *James L. Mayson,* for plaintiff in error.

*Alston, Alston, Foster & Moise, Watkins, Asbill & Watkins, Spence & Spence, C. N. Davie,* and *W. H. Sibley,* contra.

RUSSELL, C. J.  ■  The defendant demurred generally and specially to the petition of Rogers as next friend. The court sustained certain of the grounds of demurrer, and the plaintiff filed amendments. To the petition as amended the defendant renewed his demurrers, which the court overruled. No exception was taken to this latter ruling; and therefore it was adjudged that the plaintiff had a cause of action and was entitled to the relief sought, if he proved the case as laid.

■  In this state of the case, evidence was adduced in favor of the plaintiff, which in our opinion would have authorized a verdict in favor of the plaintiff. Some of the allegations of the petition, as to which evidence was introduced, were as follows: (1) That the verdict and decree which it was sought to set aside was in furtherance of a prearrangement between George C. Spence and Daniel MacDougald. The terms of the verdict embodied in effect a new contract between these parties after extensive negotiations between them. It was agreed before the hearing that in effect the same was to be taken by consent, although some proof was to be offered in support of the same. (2) The case was not on the calendar for trial at the time the verdict was taken, but was brought to the attention of the court by agreement. (3) The pleadings were not read before the court. (4) No jury was stricken, but by agreement a panel of jurors then sitting in the box was agreed upon. (5) Only one witness was introduced, to wit, George C. Spence, and he was questioned by counsel representing only one party. (6) That part of the verdict and decree relating to and in favor of A. B. Mobley, superintendent of banks, for $5,000, was without any evidence to support it. (7) The jury did not retire from the box to consider the case, and did not consult among them-

selves. There is conflict as to this last point, inasmuch as two of the jurors testified they did not withdraw from the box, one juror who did not recall whether they retired or not, and one that he was not even certain he served on this jury. From these circumstances, it is apparent that there were issues of fact which should have been submitted to the jury, and for this reason the court was not empowered to direct the verdict.

We are of the opinion that the court erred in sustaining the demurrers, and in striking the portions of the petition which are set forth in the statement. However, this ruling still left the plaintiff with a sufficient cause of action to authorize the amendments; and for that reason, had the jury returned a verdict in favor of the plaintiff it would have been in accord with the pleadings, after the allowance of the second amendment, as well as sustained by the evidence. The cause is remanded for another trial; and the court will at that time restore the portion of the petition stricken by demurrer and hear evidence upon the whole petition, as thus amended.

*Judgment reversed. All the Justices concur, except Atkinson and Gilbert, JJ., who dissent.*