## JORDAN *v.* LEE.

ATKINSON, Justice. 1. "The overruling of a demurrer is a judgment binding on the parties, concluding the points of law necessarily involved. That does not mean that the plaintiff is absolutely entitled to recover if he proves his case as laid; for a general demurrer should be overruled, in an action based on negligence, when the jury, from the facts alleged, would be authorized to infer negligence, though they would not be bound to do so." *McDuffie* v. *Ocean Steamship Co.,* 5 *Ga. App.* 125, 129 (62 S. E. 1008).

2. "Except where a particular act is declared to be negligence, either by statute or by a valid municipal ordinance, the question as to what acts do or do not constitute negligence is for determination by the jury." *Atlanta & West Point Railroad Co.* v. *Hudson,* 123 *Ga.* 108 (51 S. E. 29); *Central Railway Co.* v. *Brown,* 138 *Ga.* 107, 117 (74 S. E. 839).

3. The first question propounded contains a premise that the plaintiff "substantially proved her case as laid." Assuming that the question includes an inference that in the trial court a verdict was rendered for the defendant, the question, properly construed, requests this court to answer whether or not the evidence was sufficient to support the verdict. In a case based upon negligence a number of legal principles not mentioned in the question may be involved, such as contributory negligence,

credibility of witnesses, the exercise of due care by the injured party, which, when applied to facts, if any, in favor of the defendant, may justify the jury in finding for the defendant notwithstanding that the plaintiff "substantially proved her case as laid." Whether or not in such a case the plaintiff would be entitled to recover would require an investigation of the evidence. Proof of the facts alleged does not necessarily prove negligence. The jury must determine the existence of negligence, if any, from the facts. As this court can only answer questions of law certified by the Court of Appeals, it can not answer the first question here propounded.

4. The rulings here made do not conflict with any of the authorities cited by the Court of Appeals or by the briefs of counsel.

*All the Justices concur, except Russell, C. J., disqualified.*

No. 10160. FEBRUARY 16, 1935. ON REHEARING, FEBRUARY 28, 1935.

*Horace & Frank Holden* and *Lewis C. Russell,* for plaintiff.
*McDaniel, Neely & Marshall,* for defendant.