23285. JORDAN *v.* LEE.

SUTTON, J. Plaintiff sued for damages because of injuries to her while riding as a guest in an automobile driven by the defendant. She alleged certain acts as gross negligence. Defendant demurred to the petition, upon the ground that no gross negligence was alleged. This demurrer was overruled, and no exception was taken thereto. On the trial the plaintiff substantially proved her case as laid in the petition. There was no evidence offered by the defendant. Plaintiff's evidence was un-contradicted and did not tend to prove a state of facts unfavorable to her case. The jury returned a verdict for the defendant, the effect of which was to find that the acts of negligence charged did not constitute gross negligence. Plaintiff moved for a new trial solely upon the general grounds, and to the judgment overruling the motion she excepted. "The overruling of a demurrer is a judgment binding on the parties, concluding the points of law necessarily involved. That does not mean that the plaintiff is absolutely entitled to recover if he proves his case as laid; for a general demurrer should be overruled, in an action based on negligence, when the jury, from the facts alleged, would be authorized to infer negligence, though they would not be bound to do so." *Jordan* v. *Lee,* 180 *Ga.* 424; *McDuffie* v. *Ocean Steamship Co.,* 5 *Ga. App.* 125, 129.

2. In this State the question as to what acts do or do not constitute negligence as well as the degree of negligence is exclusively for determination by the jury; and except in those cases where a particular act is declared to be negligence, either by statute or by a valid ordinance of a municipal corporation, a trial judge should not as a matter of law declare a particular act to be negligence. *Jordan* v. *Lee,* supra; *Savannah &c. R. Co.* v. *Evans,* 115 *Ga.* 315; *Atlanta &c. Ry. Co.* v. *Bryant,* 110 *Ga.* 247 (2); *Fenelon* v. *Southern Ry. Co.,* 143 *Ga.* 26. Even though the facts in the case are uncontradicted and uncontroverted, where they are such that there is room for difference of opinion between reasonable men as to whether or not negligence should be inferred, the right to draw the inference is peculiarly within the exclusive province of the jury. 45 C. J. 1292, citing *Fenelon* v. *Southern R. Co.,* supra; *Chenall* v. *Palmer Brick Co.,* 117 *Ga.* 106; *Southern Cotton Oil Co.* v. *Gladman,* 1 *Ga. App.* 259.

3. The effect of the judgment on the general demurrer in this case was that a jury might find or infer from the facts pleaded in the petition as constituting gross negligence that the defendant was guilty of such negligence. It has been held that where one driving an automobile is so inattentive as to look to the side and not keep a constant lookout ahead, when there is an object in his path which is clearly visible that he might run into, a jury would be authorized to find that he was guilty

of gross negligence. *Smith* v. *Hodges*, 44 *Ga. App.* 318. In the case cited this court said: "Be it remembered that the petition is being considered on general demurrer, and also that the question is not whether the defendant was in fact guilty of gross negligence, but whether upon proof of the allegations of the petition, *without more* [italics ours], a jury would be authorized to find that he was negligent in that degree. 'Questions of negligence and diligence, even of gross negligence and slight diligence, usually are matters to be determined by the jury, and this is not one of those plain and indisputable cases in which the court may solve the question as a matter of law.'"

4. Applying the above rulings to the facts of this case, a verdict in favor of the plaintiff was not demanded, and the trial judge did not err in overruling the plaintiff's motion for new trial, which was based upon the general grounds solely.

*Judgment affirmed. Jenkins, P. J., and MacIntyre, J., concur.*

DECIDED APRIL 9, 1935.

*Horace & Frank Holden, Lewis C. Russell,* for plaintiff.
*McDaniel, Neely & Marshall,* for defendant.