## PERRY *v.* PERRY.

.No. 12857.   JUNE 16, 1939.   REHEARING DENIED JULY 14, 1939.

*Jackson & Garner,* for plaintiff in error.  *Paul Crutchfield,* contra.

GRICE, Justice. On July 24, 1937, Mrs. Margaret Wynn Perry filed in DeKalb superior court a suit for divorce, alleging that both plaintiff and defendant were residents of DeKalb County. The defendant acknowledged service, and in December, 1937, filed his answer and cross-action. In his answer he admitted the allegation of the petition that he was a resident of DeKalb County. In December, 1938, he filed in court a paper reading: "Now comes the defendant in the above-stated case, and dismisses the within cross-bill." On January 7, 1939, he filed a motion to dismiss the wife's libel for divorce, after the first verdict had been rendered, in which motion it was averred that "plaintiff knew at the time said libel was filed that defendant was not a resident of DeKalb County, Georgia, but was in fact a resident of and domiciled in Crisp County, Georgia;" that his admission of jurisdiction and residence in DeKalb County "was obtained just after he had been prosecuted in that county for abandonment, and under a misapprehension of

the facts, and without advice of counsel;" and he contended in his motion that the waiver or acknowledgment of service was void because violative of the Code, § 2-4301; and he prayed "that said original libel be dismissed." By amendment he averred that a first verdict had been entered on September 8, 1938, but that the same was void for the reasons above stated.

In response to the motion to dismiss, Mrs. Perry filed a general demurrer, insisting that the motion "sets forth no grounds upon which to base said motion to dismiss." The demurrer was overruled, but on the same day the court passed the following order: "The foregoing case coming on for a hearing, the court, after consideration and hearing, hereby adjudges that the defendant was a resident of DeKalb County, Georgia, at the time of the filing and service of the foregoing divorce suit." On April 7, 1939, John H. Perry filed a bill of exceptions to the judgment, his assignment of error being as follows: "To said judgment of the court defendant then excepted, now excepts, and assigns said judgment of the court as error upon the following grounds: (1) That said judgment is contrary to the evidence in said case, and is without evidence to support the same; and (2) That said judgment is contrary to law, equity, and good conscience, and is without law to support the same; and he assigns as error the judgment of the court complained of as being contrary to law and contrary to the evidence on all the grounds herein set out."

No evidence is incorporated in the bill of exceptions, and there is no recital therein that a brief of the evidence was filed. By consent of counsel all issues were passed on by the judge without a jury. Counsel for the parties are in agreement in treating the judgment excepted to as one denying the motion to dismiss; and we shall accordingly so deal with it.

To the motion to dismiss the wife, defendant in error, filed a general demurrer, which was overruled by the judge. The effect of this ruling is, that, as between the parties, the husband had the right to go beyond the record and show that as a matter of fact the court had no jurisdiction of the divorce suit, and that it should be dismissed. No exception having been taken to the overruling of the general demurrer, the wife is now estopped to challenge the insistence of the husband, that if it be made to appear by proof that the court was without jurisdiction, his motion to dismiss the entire

case should be sustained, although jurisdiction appeared on the face of the record in the divorce suit. This follows from the application of the principle known as the law of the case, which, although sometimes criticised, is too firmly established by the previous decisions of this court to justify us in ignoring it. Compare *Louisville Coffin Co.* v. *Rhudy,* 111 *Ga.* 827 (35 S. E. 632) ; *Ellis* v. *Almand,* 115 *Ga.* 333 (41 S. E. 642) ; *Georgia Northern Ry. Co.* v. *Hutchins,* 119 *Ga.* 504 (46 S. E. 659) ; *Hawkins* v. *Sluddard,* 132 *Ga.* 265 (63 S. E. 852, 131 Am. St. R. 190) ; *Tompkins* v. *American Land Co.,* 139 *Ga.* 377 (77 S. E. 623) ; *Hicks* v. *Revels,* 142 *Ga.* 524 (83 S. E. 115) ; *Turner* v. *Willingham,* 148 *Ga.* 274 (96 S. E. 565) ; *Vickery* v. *Swicord,* 151 *Ga.* 145 (106 S. E. 92) ; *Perry* v. *Acree,* 165 *Ga.* 446 (141 S. E. 212) ; *Rogers* v. *McDougald,* 175 *Ga.* 642 (165 S. E. 619) ; *Jordan* v. *Lee,* 180 *Ga.* 424 (179 S. E. 102). On the original issue, as to whether the general demurrer to the motion should have been sustained, see *Watts* v. *Watts,* 130 *Ga.* 683 (61 S. E. 593) ; *Jones* v. *Jones,* 181 *Ga.* 747 (184 S. E. 271) ; *Bilbo* v. *Bilbo,* 167 *Ga.* 602 (146 S. E. 446) ; *McConnell* v. *McConnell,* 135 *Ga.* 828 (70 S. E. 647).

What is said above is in explanation of what follows: As the case took shape, it developed that whether or not the motion to dismiss should be granted depended upon a finding of fact, to wit, was the husband at the time of the divorce suit a resident of the county where the same was brought? The burden was upon the movant to make proof of his allegation. The judgment of the trial judge in denying the motion can mean nothing else than that evidence was heard. Indeed one of the assignments of error is that his judgment was contrary to the evidence. No evidence is incorporated in the bill of exceptions, nor is there any recital that an approved brief of the evidence was filed. No brief of the evidence is specified in the bill of exceptions as any part of the record. The certificate of the judge, however, after directing the clerk to make out and send to this court "such parts of the record as are in this bill of exceptions specified," adds, "together with the brief of the evidence." After the judge's signature, the original pauper affidavit of the plaintiff in error, and the acknowledgment of service by opposite counsel, are attached two other typewritten sheets purporting to be the evidence adduced at the hearing, at the end of which is a statement by counsel for both sides agreeing that it is a cor-

rect brief of the evidence. Next follows the customary certificate of the clerk: "I hereby certify that the foregoing is the true original bill of exceptions, filed in this office, in the case therein stated; and that a copy thereof has been made and is now of file in this office. Witness my signature and the seal of said court hereto affixed, the day and year last above written;" followed by the clerk's signature.

If a long and unbroken line of decisions of this court are to be followed, as they must be, we can not consider any assignment of error that requires an examination of the evidence. The evidence is not properly before us. Whether the judge erred in his finding is dependent altogether upon what the proof showed. Upon ascertaining that no approval by the judge of the purported brief of evidence appeared in the record, an order was by this court ex mero motu sent to the clerk of the trial court, directing him to certify to us the approval thereof by the trial judge, if such was of file in his office; and in response he has certified to us that no such approval is of file in his office. The agreement of counsel to a brief of evidence can not take the place of the order of the judge approving it. No such approval was made, and indeed it is not even made to appear that the so-called brief was ever filed. The clerk does not certify it as a part of the record. Under these circumstances we can not consider it. As early as the case of *Colquitt* v. *Solomon*, 61 *Ga.* 492, 495, this court, in endeavoring to make plain the modes of bringing evidence to this court, said, in part: " (a) *If no motion for a new trial.* Incorporate the evidence in the bill of exceptions somewhere. It may be the first thing, or the last thing before the judge's certificate, or it may come in at any intermediate place. Or, let it follow the judge's certificate as an exhibit, referring to it as such in the bill of exceptions, and having the judge to place his signature to or upon the exhibit to identify it as the same to which the bill of exceptions refers." For later cases on this subject see *Cawthon* v. *State*, 119 *Ga.* 395 (3) (46 S. E. 897); *Milton* v. *Savannah*, 121 *Ga.* 89 (48 S. E. 684); *De-Loach* v. *Planters & Peoples Mutual Fire Association*, 122 *Ga.* 385 (50 S. E. 141); *Roberts* v. *Cairo*, 133 *Ga.* 642 (66 S. E. 938); *Rushing* v. *DeLoach*, 149 *Ga.* 483 (100 S. E. 571); *Waldrip* v. *Slagle*, 161 *Ga.* 464 (131 S. E. 53). In the *Cawthon* case, supra, it was ruled: "This court can not consider as a brief of evidence

a document appearing as such in a record or bill of exceptions, unless the record or bill of exceptions affirmatively shows that the document has been approved as correct by the trial judge. And this is true even in a case where counsel agree in the Supreme Court that the document is a correct brief of the evidence and may be considered as such." In the opinion it was said: "There appears in the record what purports to be a brief of the evidence in the case, but it does not appear either from the record or the bill of exceptions that it has ever been approved by the trial judge. There are certain recitals in the bill of exceptions from which it might be inferred that it was possible that the alleged brief of evidence had been approved. Before this court can consider a document as a brief of evidence, it must appear affirmatively from the record or the bill of exceptions that the document has been approved as a brief of the evidence introduced on the trial of the case. *Massey* v. *Pitts,* 48 *Ga.* 124; *Spencer* v. *Railroad Co.,* 55 *Ga.* 584; *Porter* v. *State,* 56 *Ga.* 530; *Stephens* v. *Woolbright,* 60 *Ga.* 322; *Harrison* v. *Hall Safe Co.,* 64 *Ga.* 558." In that case, as here, counsel had agreed that the brief of evidence was true, and had even consented that it be so treated by this court. But it was there further said: "We can not, however, do this, notwithstanding this consent. It is the approval of the brief of evidence by the trial judge which gives this court jurisdiction to consider it. Without such authentication this court has no authority to accept it as a correct transcript of the evidence introduced on the trial; and no consent of parties or counsel can confer jurisdiction to do so;" citing the cases supra, and *Hicks* v. *Brantley,* 75 *Ga.* 885 (a). Therefore we can not consider the brief of evidence attached to the bill of exceptions. The result is that the judgment must of necessity be

*Affirmed. All the Justices concur.*