34224.   KEEBLER *v.* WILLARD.

Decided October 9, 1952.

*Ralph C. Brown, William A. Thomas,* for plaintiff in error. *Beck, Goodrich & Beck,* contra.

GARDNER, P. J. "A nonsuit shall not be granted merely because the court would not allow a verdict for plaintiff to stand; but if the plaintiff fails to make out a prima facie case, or if, admitting all the facts proved and all reasonable deductions from them, the plaintiff ought not to recover, a nonsuit shall be granted." Code, § 110-310. A nonsuit will not be granted unless all facts proved and reasonable deductions therefrom do not entitle the plaintiff to recover. "Although there may be no conflict in the evidence, the matter should be left to the jury where reasonable men might differ as to the inferences to be drawn from certain evidence." *Elrod* v. *McConnell,* 170 *Ga.* 892 (154 S. E. 449). Where the material allegations of the plaintiff's petition are sustained by proof, no matter how slight, a nonsuit is improper. *Barnett & Company* v. *Terry & Smith,* 42 *Ga.* 283. It appeared from the evidence that the plaintiff's husband (the deceased) was riding a motor bike in a westerly direction out Experiment Street in the City of Griffin; that the defendant was driving a taxicab and was also going in the same direction on this street; that the deceased was riding along with his head down, apparently oblivious of the fact that the defendant was behind him in said taxicab; that both the deceased and the defendant were proceeding at a reasonable and lawful speed; that when the deceased approached and entered the intersection of Experiment and 12th Streets, where 12th Street leads off in a southerly direction from Experiment Street, the defendant, who was overtaking the deceased, on a call for a passenger to

be picked up on Williams Street, and who had to remain on Experiment Street, blew his horn and speeded up slightly in order to pass around the deceased; that the defendant, when he overtook the deceased, turned his taxicab to the left to go around and pass the deceased on said motor bike, and as he got alongside of or even with the motor bike both vehicles were in this intersection, near the center thereof, and the deceased turned his motor bike to the left to enter into 12th Street and struck the right rear fender of the defendant's taxicab and he was fatally injured, and that when the defendant observed that the deceased was turning to his left the defendant pulled farther over toward the curb on his left, but was unable to avoid the collision. The defendant himself testified as to overtaking and attempting to pass the deceased on said motor bike, and also testified that he intended to go straight on through the intersection and on out Experiment Street. The evidence was undisputed that the defendant undertook to pass around the motor bike in this intersection, and that the collision took place around the center of the intersection. The evidence was also without contradiction that the deceased was riding along said street and approaching the intersection with his head down and that he did not look around and there was no evidence that he signaled that he was going to make a left turn at this intersection, in accordance with Code (Ann.), § 68-303 (f) as amended. The evidence showed without dispute that the deceased never did lift his head but turned his motor bike, without giving a signal, directly into the rear of the taxicab which was even with him and seeking to pass around him on his left side.

The plaintiff set up in her petition that the defendant was negligent in overtaking her husband, the deceased, and attempting to pass him without blowing the horn on his taxicab, and in seeking to pass around the deceased in this intersection, in violation of Code (Ann.), § 68-303 (d), which provides that "An operator of a vehicle overtaking another vehicle going in the same direction, and desiring to pass the same, shall pass to the left of the vehicle overtaken: . . Provided further, that no operator shall pass a vehicle . . *while the vehicle is crossing an intersecting highway.*" (Italics ours). This statute is a valid and subsisting law of this State. *Ray* v. *State,* 47 *Ga. App.* 22 (169 S. E. 538).

There were other allegations of negligence, which were not sustained by the plaintiff's evidence. However, as to the above allegations of negligence, there was evidence before the court and jury, from which the jury could have properly inferred not only that the defendant was negligent in the particulars so charged, but that had it not been for this alleged negligence the deceased would not have been fatally injured. It was, therefore, error for the court, upon the conclusion of the plaintiff's evidence, to nonsuit her. While the evidence failed to sustain the other charges of negligence, there was some evidence that the deceased was attempting to pass around him in this intersection.

If there be any evidence at all introduced by the plaintiff which tends to support the allegations of the petition and to sustain the plaintiff's action, it is error for the trial court to grant a nonsuit. *Gresham* v. *Stewart*, 31 *Ga. App.* 25, 27 (119 S. E. 445); *East & West R. Co. of Ala.* v. *Sims*, 80 *Ga.* 807 (2) (6 S. E. 595); *Eubanks* v. *Mullis*, 51 *Ga. App.* 728 (181 S. E. 604). In passing upon a motion for nonsuit upon the conclusion of the plaintiff's evidence, such evidence should be construed most favorably to him; and, if by such construction, a prima facie case for the plaintiff is made out, a nonsuit should be refused. *Henry* v. *Roberts*, 140 *Ga.* 477 (79 S. E. 115). In such a case where by a reasonable deduction from the evidence the jury could lawfully render a verdict in favor of the plaintiff, a nonsuit is error. *Elrod* v. *McConnell*, 170 *Ga.* 892, supra. While the plaintiff must recover upon the acts of negligence as alleged in her petition, and proof of negligence not set forth and insisted upon in the pleadings will not prevent a nonsuit, yet where there are several separate acts of negligence set forth in the plaintiff's petition, and there is evidence tending to sustain one or more of such charges of negligence, or from which an inference to that effect may be naturally and reasonably drawn, it is error for the judge to award a nonsuit. *Augusta R. & Elec. Co.* v. *Weekly*, 124 *Ga.* 384 (52 S. E. 444); *Brooks* v. *City of Atlanta*, 1 *Ga. App.* 678 (57 S. E. 1081); *Cavanaugh* v. *Biggin*, 9 *Ga. App.* 466 (71 S. E. 779). Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place

of the jury in solving them, except in plain and indisputable cases. *Eubanks* v. *Mullis*, citing *Southern Cotton Oil Co.* v. *Gladman*, 1 *Ga. App.* 259 (58 S. E. 249), and others.

Even though the facts in the case are uncontradicted and uncontroverted, where they are such that there is reason for difference of opinion between reasonable men as to whether or not negligence could be inferred therefrom, the right to draw the inference is peculiarly one within the exclusive province of the jury. *Jordan* v. *Lee*, 51 *Ga. App.* 99 (2) (179 S. E. 739) and cit.; *Jordan* v. *Lee*, 180 *Ga.* 424 (179 S. E. 102).

Where the case as laid is proved by the plaintiff's evidence, the negligence alleged and sustained by proof is left for the jury to determine. *McBryant* v. *Southern Cotton Oil Co.*, 21 *Ga. App.* 534 (94 S. E. 813). "It should have been left for the jury to determine whether his conduct leading up to his injuries was negligent." *Pate* v. *City of Atlanta*, 119 *Ga.* 671 (46 S. E. 827). "Questions of diligence or negligence are peculiarly matters for the jury, and a court ought not to take the place of the jury in solving them. It is only in clear cases, where, admitting all the facts proved and all reasonable deductions from them which the jury might make, the plaintiff would not be entitled to recover, that the judge ought to decide without the aid of the jury the questions of diligence or negligence arising under the evidence. . . This principle applies to questions of contributory negligence, and to what constitutes the proximate cause of the injury complained of," so "a nonsuit should not be granted when there is any evidence tending to sustain the plaintiff's claim, or where the jury can fairly and reasonably infer from the evidence a state of facts favorable to the plaintiff." *Brown* v. *Savannah Electric &c. Co.*, 46 *Ga. App.* 393 (167 S. E. 773). Where the evidence authorized the inference that the defendant was negligent in one or more of the particulars alleged in the petition and such evidence did not affirmatively and as a matter of law show that the deceased could have avoided the injury sued for by the exercise of ordinary care on his part, a verdict in favor of the plaintiff would have been authorized and it was error to grant a nonsuit.. "In a case of this sort, that the plaintiff may have avoided the consequences of the defendant's negligence by the exercise of ordinary care

is a matter of defense, and as to this question the plaintiff was entitled to go to the jury unless the evidence affirmatively disclosed facts from which a finding against him upon that issue would have been demanded as a matter of law. *Collins* v. *Augusta-Aiken Ry. Corp.*, 13 *Ga. App.* 124 (2) (78 S. E. 944)." *Hadaway* v. *Southern Ry. Company*, 41 *Ga. App.* 699 (154 S. E. 296). The evidence in the instant case did not affirmatively disclose facts from which it was demanded as a matter of law that the deceased could have avoided the consequences of the defendant's negligence by the exercise of ordinary care.

It follows that the trial court improperly, at the conclusion of the plaintiff's evidence, granted a nonsuit. The jury ought to have been permitted to pass upon whether the defendant was negligent in overtaking and attempting to pass the deceased, while in this intersection, and if so, whether or not this negligence was a proximate cause of the fatal injury sustained by her husband, or whether or not the death of the deceased resulted solely from his own failure to exercise ordinary care for his own safety in the premises. It must be kept in mind that the plaintiff may recover in a negligence case, even though the plaintiff be, himself, negligent,—in this case even though the plaintiff's husband, the deceased, was negligent. The plaintiff is only denied recovery under our system of law, where the plaintiff's negligence is equal to or greater than that of the defendant. If the negligence of the plaintiff is less than that of the defendant, our law provides that the plaintiff may recover, but the amount of the recovery will be apportioned to the degree of negligence of the plaintiff as compared to that of the defendant. It appears from the evidence here that both the deceased and the defendant were negligent, but as to the degree of negligence attributable to either, this is a question for the jury. It is undisputed even by the defendant's evidence, that he was attempting to pass the deceased in this intersection, in violation of the State statutes and it seems also undisputed that the deceased was negligent in not looking, and turning to his left without giving a signal, and running into the defendant's automobile. There appears nothing in the record and there are no decisions cited by counsel for either side to show that the operator of a car in passing another motor vehicle going in the

same direction, at an intersection, is not negligent per se, under said statute. There are numerous decisions dealing with our State traffic laws under Code § 68-303. We list a number of them below for the purpose of calling them to the attention of the bench and bar and the General Assembly. We all know as a matter of fact that in a number of our cities there are valid ordinances establishing green and red signal lights at intersections, indicating "Go" and "Stop" and that at these intersections vehicles do as a matter of fact pass other cars on green signals. This is true particularly on one-way streets. It is also true, even though at intersections where there are signals there are also traffic officers present, directing traffic and as a matter of practice urging light, fast vehicles to pass to the left of slow-moving heavy vehicles at intersections where the way is clear. See Code § 68-312; *Carter* v. *State*, 12 *Ga. App.* 430 (3) (78 S. E. 205); *Faggart* v. *Rowe*, 33 *Ga. App.* 423 (126 S. E. 731); *Hudson* v. *Carton*, 37 *Ga. App.* 634, 635 (141 S. E. 222); *Atlanta & W. P. R. Co.* v. *West*, 38 *Ga. App.* 300, 302 (143 S. E. 785); *Byrd* v. *Thigpen*, 40 *Ga. App.* 257 (149 S. E. 290); *Sapp* v. *Elrod*, 41 *Ga. App.* 356, 358 (153 S. E. 73); *Petty* v. *Moore*, 43 *Ga. App.* 629, 630 (159 S. E. 728); *Smeltzer* v. *Atlanta Coach Co.*, 49 *Ga. App.* 755 (6) (176 S. E. 846); *Hall* v. *Ponder*, 50 *Ga. App.* 627 (179 S. E. 243); *Hennemier* v. *Morris*, 51 *Ga. App.* 760 (181 S. E. 602); *Tyson* v. *Shoemaker*, 83 *Ga. App.* 33, 47 (62 S. E. 2d, 586); *Shannon* v. *Martin*, 164 *Ga.* 872, 876 (139 S. E. 671); *Letton* v. *Kitchen*, 166 *Ga.* 121, 124 (142 S. E. 658).

It was improper for the trial court to grant a nonsuit and the court erred in so doing.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*