**V. E. STOCKTON, Sam M. Myers and John Coe, Plaintiffs in Error,**

**v.**

**BOARD OF COUNTY COMMISSIONERS OF COUNTY OF PAYNE,**
Defendant in Error.

No. 38995.

Supreme Court of Oklahoma.

June 27, 1961.

Hoel & Horton, Stillwater, for plaintiffs in error.

K. D. Greiner, County Atty., A. J. Schott, Asst. County Atty., Stillwater, for defendant in error.

JOHNSON, Justice.

The plaintiffs in error, plaintiffs in the trial court, are the owners of the SW¼ of Section 21–19–3E, Payne County, Oklahoma. On the west side of this quarter section there has never been a road along the section line for a distance of approximately 690 feet prior to the construction mentioned herein. Due to a creek in that vicinity, the road which has been used since the opening of the area to settlement departs from the section line a short distance north of the northwest corner of the quarter section above and describes a bow-shaped arc returning to the section line about 690 feet south of the point of departure. All of this bow-shaped tract lies in Section 20. The plaintiffs never had a

record title to this tract, but claim it by adverse possession.

About December 1, 1958, the defendant, Board of County Commissioners of Payne County, decided to construct a new road along the section line and do away with the curve in the road. Pursuant to this determination, they took possession of the 66 foot area along the section line and began construction of the new road. The area so taken contained 82/100 acres.

This suit was brought in reverse condemnation to recover the value of the land taken and resulting damage to the bow-shaped tract. The trial court sustained exceptions of the county to the commissioners' report and held that the original right of way had never been abandoned as contended by plaintiffs, and therefore the county still owned it and plaintiffs could not recover. This appeal followed.

The evidence presents no great dispute in the facts. We think the following are established:

1. Along this 690 foot part of the section line, there never was a road from the opening of the territory down to the construction begun after December 1, 1958, a period of 68 years.

2. That the bow-shaped road between the departure from the section line and the return thereto, across a portion of Section 20, had been continuously used from the opening to 1958 as a road.

3. The county commissioners had never taken any official action either to abandon the section line right of way or in regard to opening up this right of way in 1958, but simply went in and took possession.

 On this appeal there is but one question: Did the acts of the county in constructing the "original" bow-shaped road constitute an abandonment of the grant of right of way along the section line so that the title thereto, clear of any rights of the county, reverted to the adjacent land?

It is contended by the county that the remedies provided by Section 339, Title 19 O.S.1951, and Section 363, Title 69 O.S. 1951, providing the procedure for vacating roads are exclusive, and since no such action was ever taken by the Commissioners there has been no vacation and no abandonment.

The rights of way for section line roads were authorized by the provisions of U. S. Compiled Statutes 1918, Section 5024, the same provisions being contained in Section 23 of the Organic Act, and, in Section 2, Article 16 of the Constitution. Section 5024 reads:

"That there shall be reserved public highways four rods wide between each section of land in said Territory, the section lines being the center of said highways; but no deduction shall be made, where cash payments are provided for, in the amount to be paid for each quarter section of land by reason of such reservation. But if the said highway shall be vacated by any competent authority, the title to the respective strips shall inure to the then owner of the tract of which it formed a part by the original survey. May 2, 1890, c. 182, § 23, 26 Stat. 92."

It is obvious that at the time these sections became law, that none of these reservations concerned "highways" but only rights of way for highways. Highway has been defined:

"A free and public roadway, or street; one which every person has the right to use. Abbott v. City of Duluth, C.C.Minn., 104 F. [833,] 837." Black's Law Dictionary, 4th Ed., p. 862.

There never had been a roadway or street upon this particular land. Such being the case, does Section 363, Title 69 O.S.1951, apply under any circumstances to the situation here? The pertinent part of said section reads as follows:

"The board of county commissioners may open, establish or condemn for roads on section lines and may *vacate,* alter, widen, change or lay out other

new *roads* according to the following procedure." (Emphasis ours.)

It is self evident that if no road ever existed this statute has no application.

A "road" has been defined as:

"A strip of land appropriated and *used* for purposes of travel and communication between different places. Shannon v. Martin, 164 Ga. 872, 139 S.E. 671, 672, 54 A.L.R. 1246." Black's Law Dictionary, 4th Ed., page 1491.

This land never was "used" by the public. We are confirmed in this view by this statement by this court in Salyer v. Jackson, 105 Okl. 212, 232 P. 412, 414, where this precise question is discussed:

"Since the line has never been opened for public use, there was no actual highway to be vacated by formal order of the county commissioners."

It is axiomatic that if a road never existed, it cannot be vacated. We hold that Section 363, supra, has no application to the case at bar.

We are therefore relegated to a determination of whether an abandonment of a section line right of way can be accomplished by the action, or nonaction, of the county commissioners without an applicable statute. We do not believe this to be an open question in this jurisdiction. We are committed to the rule that the laying out and establishment of a new road between two objective points, in such close proximity to the old road as clearly indicates an intention upon the part of the board of county commissioners to substitute the new for the old, ipso facto, vacates the old road. By analogy we hold this rule applicable to rights of way. See Britton v. Morris, 59 Okl. 162, 158 P. 358; Brook v. Horton, 68 Cal. 554, 10 P. 204, and Commonwealth v. Inhabitants of Westborough, 3 Mass. 406.

In the present case, the only road in use prior to 1958 had been so used for more than sixty years. We are convinced and hold that under the circumstances of this case there was an abandonment of any claim to the section line right of way, and that the title to same reverted, clear of any easement, to the adjoining property owners.

Judgment reversed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.