### 45118. COCHRAN v. CHENEY.

Evans, Judge. This is a suit by a licensed real estate agent, as employee, against a licensed real estate broker, his employer, alleging in Count 1 that he was to receive 20% of the 10% real estate commissions received by reason of sales in which he participated by obtaining the listings, and in Count 2 the reasonable value that his services on a quantum meruit basis entitles him to, seeking a judgment in a stated sum. Based upon certain admissions in response to plaintiff's requests therefor, although the defendant denied all the allegations of the petition, the amount of the two sales and the commissions received were established to be definite sums but admitted by the defendant to be paid directly to the corporation and not to him doing business as the corporation. The plaintiff, and another licensed real estate salesman, testifying as experts, gave testimony as to the practices in the metropolitan area of Atlanta as to the usual payments between the broker and the agent as to a salesman getting a listing, to be 20% of the gross commission. After the plaintiff rested his case and the defendant moved that the complaint be dismissed, the same was dismissed against the plaintiff. *Held:*

The amount of the sales and the commissions received being admitted, and there being testimony as to the general practice with reference to the payment of commissions on a listing resulting in an earned commission, and some evidence of an employer-employee relationship between the parties, the court erred in dismissing the action since there were questions of fact for a jury determination even though an actual employment contract was not shown. The jury would have been authorized to find under Count 2 as to quantum meruit in favor of the plaintiff. *Code* § 3-107; *Marshall v. Bahnsen,* 1 Ga. App. 485 (1) (57 SE 1006); *Fortner v. McCorkle,* 78 Ga. App. 76 (50 SE2d 250). The error enumerated on the granting of the motion of the defendant to dismiss the petition and on the dismissal of the petition is therefore meritorious. See *Code Ann.* § 81A-141 (b) (Ga. L. 1966, pp. 609, 653); *McDougal v. Johnson,* 104 Ga. App. 233 (2) (121 SE2d 417); *Keebler v. Willard,* 86 Ga. App. 884 (72 SE2d 805), and cases cited therein at page 887 with reference to nonsuits.

*Judgment reversed. Hall, P. J., and Deen, J., concur.*

450

*Payne, Barlow & Green, Richard C. Alderman,* for appellant.
*John Kirby, L. Doyal Langford,* for appellee.